**SAM W. CHOATE, COMMISSIONER OF LABOR OF THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiffs**

v.

**WILLIAM SKINNER, GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 254/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

May 27, 1983

ISHERWOOD, HUNTER AND COLIANNI, Christiansted, St. Croix, V.I., *for defendant Skinner*

EDWARD HASKINS JACOBS, ESQ., Christiansted, St. Croix, V.I., *for plaintiff Choate*

OFFICE OF THE ATTORNEY GENERAL, Christiansted, St. Croix, V.I., *for defendant Government of the Virgin Islands*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

### INTRODUCTION

This matter is now before the Court on motion of plaintiff, Sam Choate (hereinafter "Choate"), to amend complaint and cross motion of defendant, Government of the Virgin Islands (hereinafter "Government"), to dismiss pursuant to FED. R. CIV. P. 12(b)(1). Both parties have responded to the other's motion and both parties have specifically addressed the Workmen's Compensation issue. For the reasons set forth below, Choate's motion to amend complaint will be denied and the Government's motion to dismiss will be granted.

### I. FACTS

Choate and defendant, William Skinner, were involved in an automobile accident on or about October 2, 1981, wherein plaintiff sustained both personal injury and property damages. The accident occurred at the intersection of the exit road of the Tamarind Reef Hotel leading into East End Road, Christiansted. It took place as Choate was exiting on the road leading from the Tamarind Reef Hotel and entering East End Road. It is alleged that Skinner was

negligent, careless, reckless, and acting unlawfully by speeding, failing to keep left, or to maintain control of his vehicle, or perceive Choate's vehicle in time to avoid the accident.

The claim against the Government is predicated on its alleged failure to keep its highways in a reasonably safe condition by negligently failing to:

(1) Place a sign warning drivers travelling in an easterly direction on East End Road of the blind intersection with the road leading to Tamarind Reef Hotel, and

(2) Maintain the vegetation along East End Road so as to provide safe visibility.

Choate alleges that as a direct and proximate result of the negligence of defendants, he has suffered property damage to his vehicle and the loss of the use thereof; received serious physical injuries, including damage to his knees, has expended and in the future will expend sums for medical and related treatment, has lost and in the future will lose income from employment, has suffered and in the future will suffer pain, emotional distress, mental anguish and physical impairment.

At the time of the accident, Choate was employed by the Government of the Virgin Islands as an attorney in the Civil Division of the Attorney General's Office. He filed a disability claim for compensation with the Department of Labor in connection with the personal injuries he received and the consequent loss of income from employment as a result of the accident. He does not dispute the fact that the accident occurred within the scope of his employment.

Pursuant to FED. R. CIV. P. 19 and 5 V.I.C. App. IV Rule 7, a motion was made to have the Commissioner of Labor joined as a party plaintiff in the action.

## II. MOTION TO DISMISS

### A. TORT CLAIMS ACT

The Government's motion to dismiss is founded on Choate's noncompliance with the procedural provisions of the V.I. Tort Claims Act (hereinafter referred to as the "Act"), 33 V.I.C. § 3409 et seq. (1982 Supp.).

The Government has waived "its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or

402

employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. . . . Provided, That the claimant complies with the provisions of this chapter." 33 V.I.C. § 3408 (1982 Supp.).

■ A reading of this section indicates that waiver under the Act is not unconditional, and one desiring to proceed under the Act must *strictly* adhere to the procedural requirements of the Act *before* a claim may be pursued.[1] Virgin Islands Tel. Co. v. Government of the Virgin Islands, 13 V.I. 405, 406 (Terr. Ct. St. T. & St. J. 1977). Section 3409(c) of Title 33 of the Virgin Islands Code outlines the Act's procedural requirements as they pertain to Choate. The section reads in pertinent part:

> [A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within *ninety days* after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

Choate does not deny that he has failed to comply with § 3409(c) with respect to the 90-day time limit in which to file a written notice of intention to file or to file an actual claim. However, he alleges that he comes under the special statutory exception enumerated in § 3409(c) and therefore moves the Court for leave to file a claim. Section 3409(c) reads in relevant part:

> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for

---

[1] Basically, "noncompliance can effectively nullify the Government's waiver and consent, and thus deprive the court of subject matter jurisdiction." Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct., St. T. & St. J., 1982).

403

the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor.

Though Choate may not file his claim as of right, paragraph 2 of § 3409(c) grants the Court the discretionary power to allow the filing of a "late" claim within two years after its accrual. In Mercer, supra, at p. 177, Judge Hodge set forth the following requisites for the court to properly exercise its discretion pursuant to § 3409(c).

(a) A motion for permission to file a late claim must be filed by the late claimant.
(b) Affidavit(s):
(1) Must accompany motion.
(2) Must state reasonable excuse.
(3) Must show Government had timely and actual knowledge of the incident.
(c) The proposed claim:
(1) Must accompany motion.
(2) Must contain all § 3410 information.
(d) Prejudice to Government:
(1) If substantial, motion must be denied.
(2) If not substantial, motion may be granted.
(e) Legal disability of claimant:
(1) If so, claim may be presented two years after disability removed.
(2) If not, motion may be granted.

It is noted that the requirements of subsection (c) of § 3409 are stated in the conjunctive rather than disjunctive and thus before the Court can exercise its discretion and grant leave to file a late claim against the Government, all three (3) conditions must be met. Virgin Islands Tel. Corp. v. Government of the Virgin Islands, supra, at 407.

■ The threshold condition outlined in section (a) supra was met as Choate properly filed a motion for permission to file claim under Tort Claims Act on or about April 2, 1982. Likewise, sections (b)(1) and (b)(3) supra have been complied with, for an affidavit by Choate accompanied the motion alleging in paragraphs 6 and 7 his "excuse" for failure to timely file the claim and also alleging in paragraphs 2–4 the basis for his assertion that the Government had timely and actual knowledge of the incident that gives rise to the claim. The proposed claim is in the form of a verified complaint and accompanies the motion and contains the information required in § 3410. It is in paragraph 5 of the affidavit where Choate attempts to meet the condition articulated in section (d). There he alleges that the conditions of the scene of the accident remain the same despite a seven- (7) month lapse of time. Section (e) is not relevant to this cause and therefore has no applicability.

It appears that the two crucial issues with respect to Choate's motion are: (1) whether there is reasonable excuse for plaintiff's failure to timely file his claim, and (2) whether the Government would be substantially prejudiced by the granting of such a motion.

■ The Court finds that plaintiff Choate has *not* established a reasonable excuse for his failure to file a notice of intention to file a claim as required. In paragraph 5 of Choate's affidavit, he offers as a "reasonable excuse" the fact that he had an informal conversation with an attorney who advised him that his claim for Workmen's Compensation precluded him from filing a separate tort claim against the Government. Unfortunately, this excuse does not pass muster. At the very least, Choate had a duty to research the law. An attorney's negligence in an instance such as here presented does not excuse noncompliance with the Act, and in the case at bar, the Court cannot even offer the slightest sympathy for plaintiff's plight because plaintiff himself is an attorney admitted to the V.I. Bar. Furthermore, Choate was an attorney employed by the Attorney General's Office, working in the Civil Division. In view of this, Choate must have had a working knowledge of the Tort Claims Act and Workmen's Compensation law. As a result, his reliance on an informal conversation with an attorney is tantamount to gross negligence on his part and the facts presented offer no basis for the Court to make out a "reasonable excuse".

■ Section (d) supra is next addressed. We conclude that the Government may be substantially prejudiced by the untimely filing of this claim. The seven- (7) month span between the occurrence of

the accident and the filing of the claim, especially since it is based, at least in substantial part, on the failure of the Government to maintain the vegetation abutting the road, clearly indicates prejudice to the Government in that the scene of the accident is without a doubt no longer the same as when the accident occurred. As a result of the foregoing, plaintiff's motion for permission to file a tort claim is denied and the Government's motion to dismiss is granted.

## B. WORKMEN'S COMPENSATION

■ Even if we assume, arguendo, that Choate had complied with the procedural requirements of the Act, he would still be barred from asserting the present claim because his exclusive remedy against the Government, under the present circumstances, is a claim in Workmen's Compensation. 24 V.I.C. § 284.[2] Choate relies on the California case of Duprey v. Shane, 109 Cal. App. 56, 241 P.2d 78 (1951), for his position that he may independently sue his employer (Government of the Virgin Islands) and still recover based on the Workmen's Compensation statute.[3] However, that is a minority view and the majority of the cases hold the opposite. See generally, Strickland v. Textron, Inc., 433 F.Supp. 326 (D. S.C. 1977); Larson, 2A Law of Workmen's Compensation (MB).

## III. MOTION TO AMEND COMPLAINT

■■ Also before the Court is Choate's motion to amend complaint, pursuant to FED. R. CIV. P. 15(a) to add a claim of punitive damages. While the rules envision that leave to amend should be liberally granted, such is the case *only* when justice so requires. Gillespie v. United States, 379 U.S. 148 (1964). Generally, the controlling test as to whether an amendment should be granted or denied is whether the ends of justice will be promoted by the

---

[2] Section 284 of Title 24 of the Virgin Islands Code provides:

When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.

[3] It was in the Duprey case where the dual-persona theory had its origin. In that case, plaintiff worked for a chiropractic partnership. In the course of her employment, her neck and shoulder were injured. A partner of the chiropractic partnership and a co-employee negligently treated her. The partner was found to have acted in two capacities—one as employer, and a second capacity as an attending physician. In the second capacity, that of doctor to patient, the partner was found to act as a person other than the employer, subject to common law suit for malpractice.

amendment. 6 Wright & Miller, Federal Practice & Procedure: Civ. § 1487 (1971); 6 Koeber, Cyc. Fed. Proc. (3d ed. 1981). A determination of whether to grant or deny leave to amend rests solely within the trial court's discretion. Shehan v. Bd. of Trustees of Bloomsburg State College, 590 F.2d 470 (3d Cir.), cert. denied, 444 U.S. 832 (1978); Paton v. Western Elec., 420 F.Supp. 521 (D. Pa. 1976); Rauch v. United Instruments Inc., 405 F.Supp. 435 (9th D. Pa. 1975).

 In reaching its decision in this case the Court will follow the teachings enunciated in Foman v. Davis, 371 U.S. 178 (1962). There the Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given".

371 U.S. at 182.

The most important factor listed by the Court, and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleadings. 6 Wright & Miller, supra at § 1487. See also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 795 (1971). The particulars of each claim must be scrutinized to ascertain whether the threat of prejudice is sufficient to deny leave to amend. Naturally, this requires a consideration of the position of *both* parties. 6 Wright & Miller, supra.

 In the instant case the Court concludes that to allow the amendment at this stage of the proceedings would cause prejudice to the nonmoving party as a result of undue delay. This action was filed in April 1982. Both parties have completed a considerable amount of discovery including depositions and interrogatories. To allow the amendment would necessitate the nonmovant to conduct additional discovery which would certainly cause delay and result in additional expense. Further, an inspection of the pleadings and discovery obtained thus far indicate that there is no factual basis for a claim for punitive damages. If the proposed change is frivolous or advances a claim that appears to be legally insufficient, the Court may deny leave to amend. Amer. Securities Co. v. Shatterproof

Glass Corp., 166 F.Supp. 813, aff'd on other grds., 268 F.2d 769 (3d Cir.), cert. denied, 361 U.S. 902 (1958); Tenn. Air Prod. Co. v. Penn Ventilation Inc., 283 F.Supp. 591 (D. Pa. 1968). See contra cases cited at 6 Wright & Miller, supra at § 1487 n.57. Therefore, in view of the foregoing, Choate's motion to amend complaint is denied.

## CONCLUSION

For the reasons previously articulated, defendant's motion to dismiss is GRANTED, and plaintiff's motion to amend complaint is hereby DENIED.

## ORDER

For the reasons expressed in the memorandum opinion filed herein on even date herewith, it is

ORDERED that plaintiff's motion to amend complaint be, and the same hereby is, DENIED, and it is further

ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED.