**FAUSTO RAMOS QUIROS, Executor of the Estate of Osmond Ewart Kean, Plaintiff**

v.

**EVERETT B. BIRCH, Defendant and Third-Party Plaintiff**

v.

**EUSTACE DENCH, SR., Third-Party Defendant**

Civil No. 831-1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 30, 1983

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for plaintiff*

JAMES H. HINDELS, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendant and third-party plaintiff*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### I.

This case is before the court on motions for summary judgment filed by plaintiff and defendant/third-party plaintiff (defendant).

Plaintiff contends that he is entitled to summary judgment because defendant has guaranteed the payment to him of an $18,500 judgment on behalf of the third-party defendant, and because he has satisfied the following two conditions precedent that trigger the defendant's liability:

1. A final judgment must be entered by the District Court in favor of Osmond Kean and against Eustace Dench, Sr. in Civil No. 284-1972.

2. The plaintiff must exhaust all legal and equitable remedies against Dench with respect to Parcel No. 10, Estate Mariendahl, St. Thomas, Virgin Islands.

Defendant claims that he is entitled to summary judgment because there was no consideration for the guaranty, and because neither of the two conditions precedent has been satisfied.

For the reasons which follow, both motions will be denied.

## II.

On July 3, 1972, Osmond Kean attached all of Eustace Dench's interest in Parcels 8, 9, 10, and 11 of Estate Mariendahl, St. Thomas, Virgin Islands, with respect to an action for debt and breach of contract against Eustace Dench in District Court (Civil No. 284-1972). At the time of the attachment, Osmond Kean held title to the said parcels as a tenant-in-common with Eustace Dench and Winifred Dench, as husband and wife, who held title to their interest in the properties as tenants-by-the-entirety. On July 21, 1972, pursuant to a judgment in a separate action for partition, Osmond Kean was allotted Parcels 8 and 9 of Estate Mariendahl, while Eustace Dench and Winifred Dench were allotted Parcels 10 and 11 of the said estate.

On August 2, 1972, Eustace and Winifred Dench conveyed Parcel 11 of Estate Mariendahl to Controlled Concrete Products, which was represented by defendant Everett Birch, its attorney. On September 7, 1972, Birch and Controlled Concrete Products entered into an agreement with Osmond Kean to secure the release of Parcel 11 from the writ of attachment filed previously by Kean. As part of the agreement, defendant Birch guaranteed payment to Kean of any judgment which Kean might obtain against Dench in Civil No. 284-1972. However, the agreement required that Kean exhaust all legal and equitable remedies against Dench with respect to Parcel 10, the unreleased parcel, before he may have any right against Birch under the guaranty.

Osmond Kean died on October 6, 1972, and Fausto Ramos Quiros, plaintiff herein, was duly appointed as executor of Kean's estate. Three years later, on July 6, 1975, the District Court entered judgment against Dench in Civil No. 284-1972 and ordered him to pay Kean the sum of $18,500.00, together with costs of $312.00 and attorney's fees of $1,000.00. In his capacity as executor of Kean's estate, plaintiff demands that Birch satisfy the judgment entered in Kean's favor, pursuant to his guaranty, since no payment was received from Dench. Birch's refusal to pay the plaintiff has

resulted in this litigation and the filing of both motions for summary judgment.

## III.

A. *The guaranty.*

■ In opposing plaintiff's demand Birch contends that his guaranty is unenforceable for want of consideration. Under the agreement, Osmond Kean released his rights under the attachment filed against Parcel 11 in exchange for the execution of the guaranty of payment by Birch. However, defendant asserts that since at the time of the attachment Parcel 11 was partially owned by Eustace Dench and his wife as tenants-by-the-entirety, it was not subject to Kean's attachment for the debts of Eustace Dench only. Presented with a factually analogous situation, the District Court recently proved defendant's assertion to be legally correct. In Bruckner v. Clarke, 1982 St. X. Supp. (D.V.I. 1982), the Court held that where a debt is owed by only one spouse, the creditor may neither sell, levy nor attach through a lien, property held as a tenancy-by-the-entirety. See Creque v. Creque, 19 V.I. 403 (Terr. Ct. 1983).

■ Because the attachment was an invalid encumbrance on the property, defendant, therefore, argues that no consideration passed from Kean to defendant for releasing Parcel 11 from the attachment. One of the most elementary principles of contract law is that in order for an agreement to constitute an enforceable contract there must be a bargained-for exchange which is called consideration. Restatement (Second) of Contracts § 71 (1981). Although defendant's argument with respect to the invalidity of the attachment is sound, it does not follow as a legal consequence that the release of the invalid attachment failed as consideration for the execution of the guaranty.

■ No information has been submitted by defendant which intimates that Kean knew that the attachment was an invalid encumbrance on the property. To the contrary, the facts suggest that Kean, as well as Birch, believed the lien to be quite valid. In light of this circumstance, the release of the attachment by Kean was consideration in exchange for Birch's conditional guaranty to pay Eustace Dench's debt. "[T]he surrender of a claim or defense which proves to be invalid is . . . consideration [if] the . . . surrendering party believes that the claim or defense may be fairly determined to be valid." Restatement (Second) of Contracts § 74(1)(b) (1981). Since at the time of the attachment, approximately ten years before

421

Bruckner, supra, Kean, the surrendering party, believed that his claim was a valid one, his release of the attachment constitutes consideration.

■ Moreover, defendant, a practicing attorney and a principal party to the bargain, has not claimed that there was any deception or improper pressure surrounding the execution of the agreement. Lacking such fraud or duress, the release of the attachment by Kean was supported by sufficient consideration to render the guaranty enforceable. See, Restatement (Second) of Contracts § 74(2).

B. *The final judgment.*

Defendant claims that no final judgment was ever secured by Kean in Civil No. 284-1972. Plaintiff disagrees, and so do I.

■ The record establishes that on July 16, 1975, judgment was entered in favor of Kean in Civil No. 284-1972. Inexplicably, on September 11, 1978, the District Court dismissed the action because of the purported failure of the parties to prosecute the cause with diligence. Moreover, on June 4, 1979, the court denied a motion to set aside the dismissal. However, on May 5, 1980, the District Court conceded that the dismissal of the action was caused by clerical error and reinstated the July 16, 1975, judgment with full force and effect. Given the above-described scenario, defendant's misconception regarding the status of Civil No. 284-1972 is understandable. Nevertheless, it is now indisputable that Kean was awarded a final judgment against Dench in Civil No. 284-1972 in the sum of $18,500, plus costs and fees.

C. *Exhaustion of legal and equitable remedies.*

In claiming to have satisfied this essential condition precedent, plaintiff contends that since Parcel 10 is owned by Eustace Dench and his wife as tenants-by-the-entirety, while the debt is attributable solely to the husband, no seizure or sale of the property is permissible under the rationale of Bruckner, supra. Consequently, plaintiff alleges that there is nothing legally or equitably that he can do further with respect to Parcel 10, thereby triggering defendant's obligation under the guaranty.

Although it is undisputed that on July 3, 1972, the date of the attachment, Eustace and Winifred Dench owned an interest in Parcel 10 as tenants-by-the-entirety, it is not established in the pleadings or motion papers that Parcel 10 is now owned by them as such. Because of the protracted nature of the various litigations involved,

it is quite possible that over the ten-year period which has elapsed changes might have occurred with respect to the ownership of the property. No proof by affidavit or verified pleading has been submitted to establish current ownership as tenants-by-the-entirety, but even if current ownership by Dench can be established, the crucial question is whether plaintiff has, in fact, exhausted all legal and equitable remedies against Dench with respect to Parcel 10. Clearly, if the property is currently held by Dench in some form other than as a tenancy-by-the-entirety, plaintiff would be required to do more than assert a conclusory statement of exhaustion of remedies, since Bruckner, supra, would not be applicable. Thus, the questions of present owner and type of present ownership remain genuine issues of material fact.

Another genuine issue of material fact is raised with respect to the language of the condition precedent. Since the language states that plaintiff must ". . . exhaust all legal and equitable remedies against Dench with respect to Parcel No. 10 . . .", the question is whether the language is intended to be broad enough to encompass remedies against Dench as well as against Parcel 10. If so, plaintiff would be required to seek execution of his judgment against Dench and his other assets before filing an action against defendant, even if Parcel 10 was held as a tenancy-by-the-entirety. Under such circumstances, plaintiff may be required to establish that a writ of execution against Dench was returned unsatisfied, in order to indicate that he had exhausted his legal and equitable remedies.

██ Because these questions have not been adequately addressed by the parties, and no affidavits were filed in support of the motions nor were any of the pleadings verified, this case cannot be resolved at this stage of the proceedings. This is consistent with 5 V.I.C. App. I, Rule 56 which provides, among other things, that summary judgment cannot be granted where there are genuine issues of material fact.

## IV.

In light of the foregoing discussion, it is evident that genuine issues of material fact exist, and that neither party is entitled to judgment as a matter of law. Accordingly, both motions for summary judgment will be denied.

## ORDER

For the reasons stated in the accompanying Opinion, it is hereby,

ORDERED that both motions for summary judgment are DENIED; and it is,

FURTHER ORDERED that this matter shall come on for hearing on Tuesday, July 19, 1983 at 9:00 a.m. at the Barbel Plaza Courthouse, St. Thomas, V.I.