# IN RE: MICHAEL A. HARTLAGE AS PLAINTIFF TO AN ACTION FOR DAMAGES FOR PERSONAL INJURY

S. Ct. Civ. No. 2009-0068

Supreme Court of the Virgin Islands

September 30, 2010

RENEE D. DOWLING, ESQ., St. Croix, USVI, *Attorney for Appellant.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 30, 2010)

CABRET, J. Michael A. Hartlage moved the Superior Court to permit him to file a late claim against the Government of the Virgin Islands under the Virgin Islands Tort Claims Act[1] (the "Tort Claims Act" or the "Act"). After the Superior Court denied Hartlage's motion, and a renewed motion seeking the same relief, Hartlage moved for reconsideration. The Superior Court denied Hartlage's motion for reconsideration, and he filed this appeal. Hartlage asserts that the Superior Court abused its discretion in denying his motion for reconsideration because his motion to file a late claim complied with the Act's requirements for filing late claims. For the reasons which follow, the Superior Court's order denying Hartlage's motion will be affirmed.

## I. FACTS AND PROCEDURAL BACKGROUND

The record shows that on May 1, 2007, Hartlage was involved in an automobile accident on St. Croix and was transported to the Juan F. Luis Hospital (the "Hospital"), a government-owned facility, for treatment. Upon arrival at the Hospital, Hartlage was evaluated by Dr. Wendell J. Gorum. Dr. Gorum apparently decided that surgery was necessary to treat an injury to Hartlage's arm, and during the early morning hours of May 2, 2007, he operated on Hartlage. According to Hartlage, during the

---

[1] V.I. CODE ANN. tit. 33, §§ 3401-3416 (1996).

surgery Dr. Gorum "negligently performed an operation on [his] arm[,] negligently attempted to amputate [his] left arm, then negligently attempted to correct his action." (App. 16.) Hartlage claims that he "was never informed that he would need to amputate his left arm," (App. 16) and that another physician was required to perform three subsequent operations to repair the damage. Two of these remedial operations were performed on May 4, 2007 and May 11, 2007, and the third was performed in 2008.

On February 26, 2009, Hartlage filed a miscellaneous action in the Superior Court moving the court for permission to file a late claim against the Government of the Virgin Islands. In support of his motion, Hartlage claimed that he had "a reasonable excuse for the late filing, the Government had timely and actual knowledge of the incident, and there is no substantial prejudice to the Government in allowing the late filing." (App. 4.) Hartlage attached his affidavit to the motion, in which he maintained that due to his medical condition, pain treatment, and ignorance of the procedural requirements of the Tort Claims Act, he missed the ninety-day deadline for filing a claim or notice of claim against the Government. Hartlage stated that he filed a notice of claim as soon as he learned of the requirement and that the notice was filed within the two-year limitation period. Finally, Hartlage averred that "there is no substantial prejudice to the [Hospital] and/or [Dr. Gorum] in that there was actual knowledge of the medical malpractice of [Dr. Gorum] and immediate action was taken by the hospital to terminate the services of Dr. Gorum . . . ." (App. 6.)

The Superior Court denied the motion without prejudice, ruling that Hartlage's motion and affidavit failed to meet the threshold requirements for filing a late claim under the Tort Claims Act. Specifically, the court found that Hartlage did not present a reasonable excuse for the late filing, did not show that the Government had timely and actual knowledge of the incident, and did not file his proposed claim with the motion as required by title 33, section 3409(c) of the Virgin Islands Code. In addition, because the claim was for medical malpractice, the court ruled that Hartlage was required, but failed, to comply with the requirements of the Medical Malpractice Act.[2]

---

[2] 27 V.I.C. §§ 166-1661 (1992).

On April 21, 2009, Hartlage renewed his motion for leave to file a late claim against the Government under the Tort Claims Act. Hartlage attached a copy of a verified complaint to the motion, filed a second supporting affidavit, and incorporated his first affidavit. In his second affidavit, Hartlage elaborated on the reasons why he did not timely file the claim. The Superior Court, however, denied Hartlage's renewed motion in an order entered on April 30, 2009. While the court found that Hartlage had presented a reasonable excuse for the late filing, ruling that "his medical condition was an ongoing deterrent in filing the notice of intention" (App. 30), it concluded that he again neglected to establish that the Government had timely, actual notice of the facts constituting the claim. Referring to Hartlage's first affidavit, in which he averred "that there was actual knowledge of the medical malpractice of [Dr. Gorum] and immediate action was taken by the hospital to terminate [his] services" (App. 6), the court ruled that Hartlage merely asserted "a conclusory statement that lacks the factual basis to suggest that the Government or the appropriate governmental agency had notice of Hartlage's claim." (App. 31.) The court found that "the Government was first made aware of Hartlage's claim on February 2, 2009, when he served his 'Notice of Intention to File Claim' on the [Government]." (App. 32.) The court concluded that this notice, which was given twenty-one months after the alleged malpractice, was too late and "severely hamper[ed] the Government's ability to evaluate the claim, prepare its defense, or take any necessary course of action." (App. 33.) Thus, while the court found that Hartlage had now complied with the other requirements for filing a late claim, because he had not established that the Government had actual knowledge of the facts underlying the claim, it denied his motion to file the late claim.

On May 5, 2009, Hartlage moved the Superior Court to reconsider its denial of his renewed motion. In his Motion for Reconsideration, Hartlage asserted:

1. This Court in its April 30, 2009, denial of the Renewed Motion to File a Late Claim found that the Government had no actual notice of the facts constituting Hartlage's claim, and thus the Government would be substantially prejudiced.

2. The attached Affidavit of Michael A. Hartlage attests to the knowledge which the Government had and the fact that there is no substantial prejudice to the Government.

3. This reconsideration is necessary to prevent manifest injustice as would occur if [Hartlage] is not allowed to pursue his claim.

(App. 35.) Hartlage actually attached two *new* affidavits to his motion, his own and the affidavit of his sister. In these new affidavits, Hartlage and his sister elaborated on the Government's purported knowledge of the malpractice, each stating that Dr. Gorum had been fired almost immediately after the surgery "because of the operation he performed on [Hartlage]." (App. 37, 39.)

In an order entered on June 24, 2009, the Superior Court denied Hartlage's motion for reconsideration. The court found that in his motion for reconsideration Hartlage was simply rearguing matters that had been previously considered by the court and that the affidavits contained no new facts showing that the Government had timely, actual notice of his claim. On July 22, 2009, Hartlage filed a notice of appeal stating, in pertinent part, that he was appealing "that certain Judgment Order entered on June 24, 2009." (App. 1).

Hartlage asserts that the Superior Court abused its discretion in denying his motion for reconsideration because "[t]he two affidavits submitted in support of the Motion for Reconsideration met the statutory requisite that a motion for permission to file a late claim must have." (Appellant's Br. 6.)

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which vests the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court." We review the Superior Court's denial of Hartlage's Motion for Reconsideration for an abuse of discretion, but to the extent that the ruling was based on the application of a legal precept we exercise plenary review. *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008).

## III. DISCUSSION

The Tort Claims Act generally requires that a claimant, who desires to recover damages from the Government for personal injuries allegedly caused by a Government employee, must file, within ninety days after the

claim accrued, either a claim or notice of intent to file a claim. 33 V.I.C. § 3409(c).[3] A court may exercise its discretion to permit a claim to be filed after ninety days has elapsed, but only if certain conditions are present. In this regard, section 3409(c) provides, in pertinent part:

> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, *actual knowledge of the facts constituting the claim.* The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the United States Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor.

(Emphasis added).

In the instant case, Hartlage did not file his claim against the Government within ninety days, and he twice sought permission from the Superior Court to file an untimely claim. The court denied his motions, and his motion for reconsideration, upon finding that Hartlage did not show that the Government had actual knowledge of the facts constituting his claim within ninety days of the time he was injured.

■ As a threshold matter, we note that Hartlage is only appealing from the Superior Court's denial of his motion for reconsideration. Rule 4(c) of the Supreme Court Rules requires an appellant to "designate the judgment, order, or part thereof appealed from," and in his Notice of

---

[3] Pursuant to title 33, section 3410, "The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon."

Appeal, Hartlage only designated the Superior Court's order denying his motion for reconsideration. Likewise, Hartlage's appellate brief challenges only the Superior Court's denial of his motion for reconsideration, and nowhere in his brief does Hartlage argue that the court erred in denying the underlying motion to file a late claim. Consequently, the order denying reconsideration is the only order that is properly before this Court.

█ Pursuant to Rule 50 of the Rules of the Superior Court, Hartlage's motion for reconsideration, which was filed within ten days of the underlying order, is considered as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.[4] *See Ruiz v. Jung*, S.Ct. Civ. No. 2008-035, 2009 V.I. Supreme LEXIS 43, *9 (V.I. Oct. 19, 2009).

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citations and quotation marks omitted).

Hartlage asserted in his motion for reconsideration that "reconsideration is necessary to prevent manifest injustice as would occur if [he were] not allowed to pursue his claim," (App. 35) but he based his motion *solely* on the presentation of the two *new* affidavits which purported to show that the Government had actual notice of the facts constituting his claim. Though it is unclear whether the Superior Court considered these new affidavits, it is patently clear that Hartlage believed

---

[4] Rule 50 provides:

> For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications.

At the time Hartlage filed his motion, Rule 59(e) required a motion to alter or amend a judgment to be filed within ten days of the entry of the judgment. Effective December 1, 2009, Rule 59(e) was amended to allow a party 28 days to file a motion to alter or amend. FED. R. CIV. P. 59(e).

the new affidavits cured any deficiencies in his previous motions concerning the Government's actual knowledge of the facts constituting his claim. What is not so clear is the reason why Hartlage failed to submit these two affidavits when he initially moved the Superior Court for permission to file his late claim against the Government. The evidence presented by the affidavits was obviously available to Hartlage earlier in the proceedings, and the affidavits contain no averments that could be considered newly discovered evidence.

■ This is not the first time this Court has addressed the propriety of a ruling on a motion for reconsideration that presented new evidence that was previously available. In *Sherman*, the petitioner filed a motion for reconsideration in the Superior Court, proffering for the first time academic literature and a psychologist's affidavit that were not filed with the original petition. The Superior Court denied the motion, and on appeal we ruled that

> [i]f Appellant wanted the trial court to consider her policy arguments, psychologist's affidavit, and the related literature as evidence of the need of the trial court to appoint a guardian ad litem in response to the changing attitudes toward adoption proceedings, she should have presented that argument and evidence with her original petition. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration. She failed to do so. Accordingly, the trial court did not abuse its discretion in refusing to appoint a guardian ad litem based on Appellant's untimely arguments and evidence.

*Sherman*, 49 V.I. at 458 (citations and internal quotation marks omitted).

■ As stated above, Hartlage relied exclusively on these newly filed affidavits in moving for reconsideration. And, in his appellate brief Hartlage acknowledges that these affidavits presented "new evidence." (Appellant's Br. 7, 8.) Hartlage does not, however, address whether the Superior Court was authorized to consider this purported new evidence on reconsideration. In any event, it is clear that the court could not have considered this purported new evidence. *See Sherman*, 49 V.I. at 458. Because Hartlage based his motion for reconsideration solely on these new affidavits, the Superior Court did not abuse its discretion in denying the motion. *See id.*

■ Furthermore, we agree with the Superior Court's finding, stated in its order denying reconsideration, that Hartlage based his motions for permission to file a late claim on conclusory statements that the Government had actual knowledge of the claim. Hartlage apparently concluded, whether by conjecture or because of information he received from a Hospital official, that the Hospital terminated Dr. Gorum and that the termination was due to Gorum's allegedly deficient treatment. Yet, in his affidavits Hartlage did not explain how he learned of Dr. Gorum's alleged termination, much less how he learned of the reason he was ostensibly terminated. Likewise, Hartlage failed to support his averments concerning the Hospital's notice with any documents which might have permitted the Superior Court to judge the credibility of his assertions. Thus, the only "evidence" presented by Hartlage was his own conclusory statement, based on either hearsay or conjecture, that the Government had actual knowledge of Dr. Gorum's alleged malpractice, and the Superior Court acted within its discretion in denying the motion for reconsideration on this ground.

## IV. CONCLUSION

The Superior Court did not abuse its discretion in denying Hartlage's motion for reconsideration. Hartlage improperly based his motion on inadmissible new evidence, and the only other 'evidence' Hartlage presented to show that the Government had notice of his claim was his own conclusory statements presented in his affidavits. For these reasons, the Superior Court's order denying Hartlage's motion for reconsideration will be affirmed.