**VIRGIN ISLANDS TELEPHONE CORPORATION, Plaintiff**

**v.**

**THE GOVERNMENT OF THE VIRGIN ISLANDS
and O'BRIEN PLUMBING CO., INC., Defendant**

Civil No. 18/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 18, 1977

EDITH L. BORNN, ESQ. (BORNN & FINUCAN), St. Thomas, V.I., *for plaintiff*

PETER A. MARTIN, ESQ., Department of Law, St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM AND ORDER

Plaintiff, Virgin Islands Telephone Corporation, on January 13, 1977, filed a motion to allow the late filing of a claim against the Government of the Virgin Islands pursuant to 33 V.I.C. §§ 3408–3414, the Virgin Islands Tort Claims Act. In response, the Government on February 15, 1977, filed a "Motion" to deny the relief prayed for by Vitelco alleging that the plaintiff has failed to affirmatively meet all three requirements of 33 V.I.C. § 3409, the section upon which plaintiff's motion is founded. By stipulation of the parties and order of the Court, plaintiff was allowed until April 4, 1977, to respond to the Government's pleadings, but has failed to file any such response.

■ When the Virgin Islands Government passed the Tort Claims Act, it waived its immunity from suits in tort. That waiver, however, was not unconditional, and one desiring to proceed under the Act must strictly adhere to the procedural requirements of the statute before he or she may press a demand under the law. St. Clair Prince v. Government of the Virgin Islands, Civil No. 76/74, in the District Court of the Virgin Islands, Division of St. Thomas and St. John (decided April 21, 1976). Moreover, pursuant to 33 V.I.C. § 3409(c), when one does not file a claim within ninety days after its accrual, three statutory

criteria must be met before this Court can exercise its discretion in permitting a late filing. Those three criteria require a showing that

(1) The Government had actual notice, within the initial ninety days;

(2) The Government of the Virgin Islands has not been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited; and

(3) The movant has presented a reasonable excuse, upon affidavits, for his or her failure to file timely the notice of intention.

The Plaintiff and moving party, Vitelco, contends in its motion that the Department of Public Works had actual knowledge of the damage complained of within the ninety day period, and that the Government of the Virgin Islands has not been substantially prejudiced. Nowhere in the motion, however, is there any reference to the third criteria, that is, a reasonable excuse for not filing the complaint. The Court does note, however, the affidavit filed by James E. Kean, the Director of Planning and Engineering for Vitelco, wherein there is the single allegation:

That affiant having the responsibility for this area of Vitelco's business and unaware that there existed formal procedural [sic] requirements for asserting a claim against the Government of the Virgin Islands, failed to file such a claim within the time allowed and further operated under the impression that the issue could be resolved without litigation.

■ The requirements of subsection (c) of § 3409 clearly are not stated in the alternative but rather in the conjunctive. Thus, before this Court can exercise its discretion and grant leave to file the complaint against the Government, all three criteria must be met. In re Steele 9 V.I. 332 (D.V.I. 1973); St. Clair Prince v. Government of the Virgin Islands, supra. The reason given in Mr. Kean's

affidavit is strikingly similar to the reason set forth in St. Clair Prince v. Government of the Virgin Islands, supra. There, the affidavit submitted in support of the reasonable excuse stated that plaintiff:

being unaccustomed to the laws of the Virgin Islands . . . was not aware that a person can file suit against the Government of the Virgin Islands and/or its police officers.

Judge Christian, in commenting upon that statement, stated:

The bare allegation that one is "unaccustomed to the laws of the Virgin Islands" is not, in my view, enough to constitute a reasonable excuse. Plaintiff's affidavit shows no surrounding facts or circumstances which might present a case for the allowance of the late filing of a claim. Prince v. Government of the Virgin Islands, slip opinion at page 3.

■ Arguably, Mr. Kean's affidavit that he "operated under the impression that the issue could be resolved without litigation" might be said to create surrounding facts or circumstances which might present a case for allowance of the late filing of a claim. This Court, however, is not persuaded that that statement alone is sufficient to derogate the ruling of the District Court in Prince v. Government of the Virgin Islands, supra. However, as Chief Judge Christian did in Prince this Court will deny plaintiff's motion for leave to file a claim out of time, but without prejudice to the plaintiff's making sufficient application to the Court to file its claim out of time, if it can. This, of course, must be done within the time limits prescribed by the Act.

The premises considered, therefore, it is

ORDERED that the motion of plaintiff Virgin Islands Telephone Corporation for leave to file a claim out of time be, and the same hereby is denied, without prejudice to plaintiff to make sufficient application to file its claim

within the time limits prescribed by the Virgin Islands Tort Claim Act.