**CAMILLE SEALEY, Plaintiff**

**v.**

**ROBERT CAMACHO and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 717/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 7, 1983

G. LUZ A. JAMES, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOYCE G. O'REILLY, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendants*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on plaintiff's motion for reconsideration of an order entered by the court on May 4, 1983, denying plaintiff permission to file late claim pursuant to Title 33 V.I.C. § 3409(c). For the reasons set forth below, plaintiff's motion for reconsideration will be denied.

Plaintiff filed a motion for permission to file a late claim pursuant to Title 33 V.I.C. § 3409. The motion was denied because the plaintiff failed to show a reasonable excuse for failing to file a valid notice of intention, as required by Title 33 V.I.C. § 3409. Plaintiff now moves for reconsideration of the court's denial of permission to file a late claim.

██ Title 33 V.I.C. § 3409 grants the court discretionary power to permit the filing of a late claim within two years after the accrual of a claim. However, the statute specifically outlines requirements which must be met before the court could exercise its power and permit the filing of a late claim. The statute authorizes a court to permit a late claim to be filed at anytime within two years after the accrual thereof provided the following conditions are met:

(a) a motion for permission to file a late claim must be filed by the claimant;

(b) an affidavit(s) must accompany the motion stating a reasonable excuse for failing to comply with the statute and showing that the Government had timely and actual knowledge of the incident; and

(c) claimant must establish that the Government of the Virgin Islands was not substantially prejudiced by the failure of filing a valid notice of intention.

These procedural requirements of the Tort Claims Act must be strictly complied with to enable the court to permit the filing of a late claim. Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. St. T. and St. J. 1982). Otherwise, the court cannot exercise the discretionary authority granted to it by the statute.

In this present case the plaintiff has submitted all of the required papers and affidavit to support the motion for permission to file a

late claim. However, plaintiff did not initially state a reasonable excuse for failing to comply with the statute and still fails to show such excuse.

■ In reviewing the record in light most favorable to the plaintiff, this court must conclude that there are no allegations which may constitute a reasonable excuse as required by § 3409(c). Plaintiff's attorney states in his supporting affidavit of the motion for reconsideration that he filed the notice of intention

> within the required 90-day period; however [that] said notice did not contain the date of the occurrence.

In his affidavit supporting his motion for permission to file a late claim, plaintiff's attorney stated:

> that although actual injury to plaintiff occurred on or about April 14, 1981, counsel neglected to follow the requirements as outlined in Title 33 V.I.C. § 3409(c) in his notice of intention to file a claim to the Governor of the Virgin Islands on July 6, 1981.

It is the opinion of this Court that plaintiff's attorney states no facts or circumstances, except for his admitted "neglect", which constitutes a reasonable excuse. Therefore, plaintiff having failed to present a reasonable excuse for his failure to file a valid notice of intention as required by subsection (c) of § 3409, the Court cannot exercise its discretionary power and permit the filing of a late claim.

Accordingly, plaintiff's motion for reconsideration of the court's order dated May 4, 1983, is hereby denied.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion it is hereby

ORDERED that plaintiff's motion for reconsideration be, and hereby is, DENIED.