**ERIC and ETHELIND BROWN, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS VIRGIN ISLANDS PO-
LICE DEPARTMENT and CORPORAL A. ROEBUCK, VIRGIN IS-
LANDS POLICE DEPARTMENT, Defendants**

Civil No. 512/92

Territorial Court of the Virgin Islands

Div. of St. Croix

September 1, 1992

LISA HARRIS–MOORHEAD, ESQ. (MOORHEAD & BASTRESS), Christiansted, St. Croix, V.I., *for plaintiffs*

DUDLEY HUGHES, ESQ. (ASSISTANT ATTORNEY GENERAL) Christiansted, St. Croix, V.I., *for defendants*

ELTMAN, *Judge*

## MEMORANDUM OPINION

 . The plaintiffs seek leave to file a late claim against the Government of the Virgin Islands, pursuant to 33 V.I.C. § 3409(c).[1] The three criteria which the motion must satisfy are (1) the plaintiff had a reasonable excuse for failure to file in a timely manner, (2) the Government had actual notice of "the facts constituting the claim within the initial filing deadline and (3) the Government was not substantially prejudiced by the failure to file a timely notice. Harley v. Government, 18 V.I. 228 (T.C. 1982). As the following factual sce-

---

[1] Tit. 33 V.I.C. § 3409(c) provides, in pertinent part:

A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefore. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

nario establishes, the Government had prompt notice of the incident and will not be prejudiced by a late claim. A more difficult question is whether the plaintiff has presented a reasonable excuse for his failure to file within the normal statutory time of 90 days from the date of the occurrence.

Eric Brown claims to have been assaulted and injured by a police officer, Corporal Arturo Roebuck, on December 17, 1991.[2] With the assistance of Corporal Daisy Paul, he filled out a "complaint form" and filed it with the Police Department on the same date. The "complaint form" is a printed document which bears the legend "Form # V.I.P.D. 91–2A." It asks for data regarding the incident, the complainant and the respondent and includes a space for a narrative of the incident. The form contains a warning about false complaints and also has information about the hearing process and possible disciplinary actions in the event the complaint is sustained. The form does not mention the right to file a tort claim. It concludes by informing the citizen: "[Y]ou shall be notified in writing as to the outcome of the complaint."

An administrative hearing was held on March 3, 1992, at which time the hearing officer, Chief of Police Delroy Richards, found that the police officer was at least to some extent at fault. Apparently following the hearing, the Police Department prepared what is entitled "Memo For The Records", dated March 4, 1992. The author of the memo is unknown on this record, though it may have been Chief Richards. The document indicates that the hearing officer informed Brown on March 3 that "this hearing did not stop [Brown] from taking further legal actions against the officer, but [the hearing officer] hoped that the matter went no further." There is no indication that the memo was ever sent to Brown. In his uncontradicted affidavit in support of the motion, Brown states that he has never received any written notification of the resolution of the meeting. Consequently, there is some ambiguity as to what Brown was told at the hearing or, alternatively, whether he understood what he was told.

It is significant that the official complaint form which Brown filled out does not explain that such a complaint cannot generate a money judgment. Therefore, the Court concludes that the plaintiff

---

[2] Ethelind Brown's portion of the proposed complaint is for loss of consortium resulting from her husband's alleged injuries.

had reason to be uncertain as to what the result of his complaint would be. Moreover, through no known fault of the plaintiff, 78 days elapsed between the incident on December 17, 1991, and March 3, 1992, the date of the administrative hearing. Although Brown did not file his notice of claim within 90 days of the incident on December 17, he has commenced this action and sought leave to file a late claim 87 days after the hearing at the Police Department.

■■ This is not a situation in which the plaintiff simply alleges that he is "unaccustomed to the laws of the Virgin Islands", upon which bare contention a late filing has not been permitted. Virgin Islands Telephone Corp. v. Government, 13 V.I. 408 (D.V.I. 1976). Because of the hiatus between the date of filing of the administrative complaint and the date of the hearing, this case may be analogized to other lawsuits in which the 90 day period was deemed to have been tolled by the disability of the plaintiff. Frett v. Government of the Virgin Islands, 20 V.I. 506 (D.V.I. 1984) (hospitalization); In Re Consolidated Bus Cases, 21 V.I. 96 (D.V.I. 1984) (infancy).

■■ After he allegedly was assaulted by a police officer, Brown was diligent and prompt in making an initial complaint. On the record before it, the Court resolves in his favor any ambiguity with respect to whether he knew or should have known that the administrative complaint was not the equivalent of a tort action. Therefore, the Court concludes that the plaintiff has established a reasonable excuse for his failure to file in a timely manner and will grant the motion for leave to file a late claim against the Virgin Islands Government, pursuant to 33 V.I.C. § 3409(c).

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the motion for leave to file a late claim against the Virgin Islands Government, pursuant to 33 V.I.C. § 3409(c) is granted.