**KATHERINE FAULKNOR, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Case No. ST-13-CV-137

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 19, 2014

66

RYAN W. GREENE, ESQ., Charlotte Amalie, St. Thomas, USVI, *For the Plaintiff.*

AQUANNETTE Y. CHINNERY, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *For the Government.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(February 19, 2014)

Pending before the Court are Defendant's June 24, 2013, Motion to Dismiss, Defendant's November 18, 2013 Motion to Dismiss,[1] and Plaintiff's December 10, 2013 Motion to File a Late Claim.[2] For the following reasons, Plaintiff's Motion will be granted and Defendant's Motions will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed a Complaint on March 22, 2013, alleging that Ignace J. Gumbs, Sr., an employee of the Government of the Virgin Islands, was driving a Government vehicle on March 29, 2012, within the scope of his employment, when he hit Plaintiff, a pedestrian, while she was crossing the road in a crosswalk at the intersection of Veteran's Drive and Rue St. Barthelemy in Charlotte Amalie, St. Thomas. Plaintiff alleges that she sustained physical and mental injuries as a result of Gumbs's negligence and seeks to recover against the Government of the Virgin Islands under the Tort Claims Act.

## STANDARDS

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b).

Pursuant to FED. R. CIV. P. 12(b)(1) and (4), made applicable to the Virgin Islands Superior Court through Superior Court Rule 7, a defendant may seek dismissal of a case for a lack of subject-matter jurisdiction or insufficient process. Further, under FED. R. CIV. P. 12(b)(6) a defendant may test the sufficiency of the pleadings by seeking dismissal for the plaintiffs "failure to state a claim upon which relief can be granted."[3]

Generally, when considering a motion to dismiss that challenges the sufficiency of the pleadings, the Court must first liberally construe the

---

[1] Plaintiff responded to Defendant's November 18, 2013 Motion to Dismiss on December 6, 2013.

[2] Defendant responded to Plaintiff's December 10, 2013 Motion to File a Late Claim on February 11, 2014.

[3] FED. R. CIV. P. 12(b)(6).

pleadings, to the extent permitted by the pleading requirements of FED. R. CIV. P. 8,[4] and "accept as true all well-pleaded allegations in the complaint" in favor of the plaintiff.[5] While "the Court must take all of the factual allegations in the [c]omplaint as true, courts are not bound to accept as true a legal conclusion couched as a factual allegation."[6] Second, once the legal and factual allegations have been distinguished, the Court must decide whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[7] such that the claim is plausible on its face. In other words, "[a] motion to dismiss a complaint should be denied if the factual allegations are 'enough to raise a right to relief above the speculative level' "[8] and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[9] However, pursuant to FED R. CIV. P. 12(b)(1), if the motion to dismiss contests the substantive or factual allegations that establish the Court's jurisdiction, "the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true."[10] Further, "the trial judge may be

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[5] *Gov't Guarantee Fund v. Hyatt Corp.*, 166 F.R.D. 321, 325-26, 34 V.I. 257 (D.V.I. 1996) *aff'd sub nom. Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 35 V.I. 483 (3d Cir. 1996) ("[I]n considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the well-pleaded allegations in the complaint. . . . [T]he plaintiff is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist. . . . Finally, when evaluating a 12(b)(6) motion the court must be mindful of the liberal pleading practice permitted by Rule 8(a). . . .") (internal citations omitted).

[6] *Webster v. CBI Acquisitions, LLC*, 2012 V.I. LEXIS 9, *2 (V.I. Super. Ct. 2012) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

[7] *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 546).

[8] *Williams v. Seabourne V.I., Inc.*, 2010 WL 7371480, at *1 (V.I. Super. Ct. 2010) (*citing Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. U.S.*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).

authorized to review the evidence[, including extrinsic evidence,] . . . [to] resolve the dispute . . . ."[11]

## II. Waiver of Government of the Virgin Islands Immunity Pursuant to the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 *et seq.*

■ The procedural requirements of the Tort Claims Act 33 V.I.C. § 3408 *et seq.*, establish the Court's jurisdiction.[12] Pursuant to 33 V.I.C. § 3408,

> the Government of the Virgin Islands waives its immunity from liability and action and . . . assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the . . . Virgin Islands while acting within the scope of his office or employment.

However, 33 V.I.C. § 3409(c) provides that the Government's waiver is not absolute because a plaintiff may only "recover damages for injuries to property or personal injury caused by the tort of an . . . employee of the Government of the Virgin Islands" if the plaintiff either filed a claim or a "written notice of intention to file a claim" "within ninety days after the accrual of such claim."[13] Notwithstanding, a court has discretion to permit the late filing of a claim within two years of the claim's accrual date if the claimant establishes by affidavit all of the following:

> (1) there is a reasonable excuse for failing to file a notice of intention within the prescribed period;
>
> (2) . . . the Government or its appropriate agency or department had actual knowledge, within the ninety-day statutory period, of the facts constituting the claim;

---

[11] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *see Shoshone*, 672 F.3d at 1030.

[12] *See, e.g., Hypolite v. Francois*, 2013 V.I. LEXIS 27 (V.I. Super. Ct. 2013).

[13] 33 V.I.C. § 3409(c); *see Sealey v. Camacho*, 20 V.I. 91 (Terr. Ct. 1983).

(3) and . . . the Government has not been substantially prejudiced by the claimant's failure to file in a timely manner.[14]

Courts closely scrutinize compliance with the mandatory procedural requirements of the Tort Claims Act[15] because "the [ninety]-day notice requirement embodied in 33 V.I.C. § 3409 expresses the strong policy of this jurisdiction that tort actions against the Government are to be filed promptly and prosecuted diligently."[16]

## ANALYSIS

### I. Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(4).

As a threshold matter, the Court notes that Defendant filed a Motion to Dismiss on June 24, 2013. While Plaintiff did not respond to Defendant's Motion, Plaintiff sought leave to file a First Amended Complaint, which was granted by the Court on July 15, 2013, largely resolving Defendant's June 24, 2013 Motion. Specifically, the First Amended Complaint removed Ignace J. Gumbs, Sr., as an individual Defendant and clarified Plaintiff's theory of liability against Defendant. But Defendant's June 24, 2013 Motion to Dismiss also challenged the sufficiency of service of process on Defendant because page four (4) of the Complaint was missing from the service copy. While Defendant did not raise insufficient service of process in its November 18, 2013 Motion to Dismiss, the Court will address the matter here for the sake of completeness.

---

[14] *Delgado v. Gov't of the V.I.*, 137 F. Supp. 2d 611, 614 (App. D. V.I. 2001). The Virgin Islands Tort Claims Act is modeled in part after the New York Court of Claims Act. However, the New York Court of Claims Act has since been amended, liberalizing the standard under which a claimant may seek leave to file a late claim. *Compare In re Consol. Bus Cases*, 21 V.I. 96, 101 (D.V.I. 1984) ("the Virgin Islands Tort Claims Act, like the New York Court of Claims Act as it existed at the time the Virgin Islands act was adopted, makes it mandatory that a person seeking to file a belated tort claim demonstrate a 'reasonable excuse' for not having timely filed.") *with Allstate Ins. Co. v. Washingtonville Cent. Sch. Dist.*, 110 A.D.3d 717, 972 N.Y.S.2d 330, 332 (2013) (applying New York law and holding that a finding of reasonable excuse is unnecessary where there is actual knowledge within ninety days and an absence of substantial prejudice).

[15] *See, e.g.*, *Mercer v. Gov't of the V.I.*, 18 V.I. 171, 180 (Terr. V.I. 1982); *Walters v. Gov't of the V.I.*, 30 V.I. 36 (Terr. V.I. 1994).

[16] *Dublin v. V.I. Telephone Corp.*, 15 V.I. 214, 233-34 (Terr. V.I. 1978); *see also Pickering v. David*, 22 V.I. 105, 110 (Terr. V.I. 1986).

■ Under FED. R. CIV. P. 4(c)(1), "[a] summons must be served with a copy of the complaint." As a result, service of a partial complaint may be insufficient, particularly where the missing pages do not place a defendant on notice of all allegations against them.[17] Once a challenge to service of process is properly made, Plaintiff bears the burden of establishing a *prima facie* showing that service was perfected.[18]

Here, only one page, which largely concerned Plaintiff's theory of negligent entrustment, was missing from the Complaint served on May 9, 2013. Otherwise, the remainder of the Complaint clearly placed Defendant on notice regarding the factual nature of the Complaint as well as Plaintiff's negligence theory of liability. The complete First Amended Complaint was mailed to Defendant's counsel on July 15, 2013, placing Defendant on notice of the allegation of negligent entrustment. Defendant also challenged Plaintiff's allegation of negligent entrustment in its November 18, 2013 Motion to Dismiss but did not raise an objection based on insufficient service of process.

■■ Considering these facts, it appears that Defendant waived its challenge to service of process pursuant to FED. R. CIV. P. 12(h)(1)[19] by failing to raise the objection in its November 18, 2013, Motion to Dismiss.[20] Assuming *arguendo* that Defendant did not waive its challenge, Defendant has also failed to assert any actual prejudice caused by the minor defect of the served Complaint, particularly considering that Defendant was subsequently sent a complete copy of the First Amended Complaint on July 15, 2013, to which it responded, suggesting Defendant has actual notice of all allegations against it.[21] Nevertheless, Plaintiff has filed no responsive pleadings to Defendant's service of process challenge.

---

[17] *See, e.g., Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008) (finding insufficient service where plaintiff only served the first page of the complaint).

[18] *See Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).

[19] *See* FED. R. CIV. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.").

[20] *See Gov't of V.I. v. Sun Island Car Rentals, Inc.*, 819 F.2d 430, 433 (3d Cir. 1987).

[21] *See Fountain Valley Corp. v. Wells*, 98 F.R.D. 679, 686, 19 V.I. 607 (D.V.I. 1983) *aff'd sub nom. Wells v. Rockefeller*, 728 F.2d 209 (3d Cir. 1984); *DeLuca*, 695 F. Supp. 2d at 65 ("Technical errors in a summons generally do not render service invalid ... [unless] the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of Rule 4.");

As a result, in its discretion and in an abundance of caution, the Court will grant Plaintiff an extension of time to perfect service of process on Defendant.

## II. Leave to File a Late Claim Pursuant to 33 V.I.C. § 3409(c).

Before discussing the merits of Plaintiff's December 10, 2013 Motion for Leave to File a Late Claim, the Court will address the timeliness of Defendant's response. Pursuant to LOC. R. CIV. P. 7.1(e)(1), made applicable to the Superior Court under SUPER. CT. R. 7, Defendant had only fourteen (14) days to file a response to Defendant's Motion.[22] Defendant responded to Plaintiff's Motion on February 11, 2013, forty-nine days late. Defendant failed to seek an extension of time and filed its response overwhelmingly late with no explanation for its delay. While the Court is strongly inclined to disregard Defendant's response, in the interest of justice, Defendant's response will be considered here. However, the Court cautions Defendant's counsel to strictly adhere to the rules that govern the practice and procedure before this Court. This Court will not tolerate such a flagrant disregard of the rules, and a continued failure to abide by the rules may be a basis for sanctions. The Court will now turn to the merits of Plaintiff's Motion.

The accident occurred on March 29, 2012, and Plaintiff did not file a notice of intention to file a claim, dated February 14, 2013, until February 20, 2013,[23] and the Complaint until March 22, 2013. Plaintiff does not dispute that the notice was not filed within ninety days of the accrual of the claim, but now seeks leave of Court to file a late claim within the two year period permitted by 33 V.I.C. § 3409(c).[24] The Court finds it appropriate to grant leave for Plaintiff to file a late claim because (1) Plaintiff has established a reasonable excuse, (2) Defendant had actual knowledge of the facts constituting Plaintiff's claim within the ninety-day period, and (3) Defendant has not been substantially prejudiced by the delay.

---

*Durant v. Traditional Investments, Ltd.*, 1990 U.S. Dist. LEXIS 3074 (S.D.N.Y. March 22, 1990).

[22] *See* SUPER. CT. R. 9, LOC. R. CIV. P. 6.1.

[23] Defendant does not raise any objection regarding the notice of intention's compliance with 33 V.I.C. § 3410.

[24] *See Hypolite*, 2013 V.I. LEXIS 27 (holding that the Court may not grant leave to file a late claim where a claimant sought leave of the Court to file a late claim one month after the two year period expired pursuant to 33 V.I.C. § 3409(c)).

## A. Reasonable Excuse

Despite the plethora of case law in this jurisdiction, the "reasonable excuse" standard of the Tort Claims Act continues to be elusive because its application is largely dependent on the particularities of each case. Courts have found that ignorance of the law,[25] operating under the impression that the issue could be resolved without litigation,[26] failure to retain or effectively communicate with counsel,[27] counsel's own negligence or delay in complying with the Tort Claims Act,[28] ongoing medical treatment,[29] and injuries that do not hinder the claimant's ability to communicate with others,[30] are not, by themselves, sufficient to support a finding of "reasonable excuse." Nonetheless, while Defendant

---

[25] *See Pickering*, 22 V.I. at 110 (*quoting St. Clair Prince v. Government*, Civ. No. 76/1974 (D.V.I. 1976)); *but see Brown v. Gov't of the V.I.*, 28 V.I. 3, 6 (Terr. V.I. 1992) (holding that where the claimant first resorted to an administrative hearing based on a formal complaint to the police department, the ninety-day period was tolled and plaintiff also established "reasonable excuse" to file a late claim). *Brown* appears to reflect the practice that a government entity against which the tort claim is asserted may, through its actions, waive the ninety-day notice requirement, or otherwise may be estopped from asserting the ninety-day notice requirement as a defense. *See* 10 AM. JUR. PROOF OF FACTS 2D 221 ("Equitable estoppel has been defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied on such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.").

[26] *See V.I. Tel. Corp. v. Gov't of the V.I.*, 13 V.I. 405, 408 (Terr. V.I. 1977).

[27] *See Pickering*, 22 V.I. 105.

[28] *See Sealey*, 20 V.I. at 93. Attorneys are held to a very high standard once retained or consulted by a claimant. *See Clarke v. Gov't of the V.I.*, 24 V.I. 28, 32 (Terr. V.I. 1988) ("[T]his Court is not inclined to liberally construe the reasonable excuse requirement of § 3409(c) to include miscomputation of the ninety-day filing date. To do so would provide every attorney in the jurisdiction with a loophole for filing late claims against the Government."); *Choate v. Skinner*, 19 V.I. 399, 405 (Terr. V.I. 1983) (finding no reasonable excuse where claimant himself was an attorney who failed to research the law, and, rather, relied on an informal conversation with another attorney whose advice was inaccurate).

[29] *In re Hartlage*, 54 V.I. 446 (V.I. 2010) (affirming the Superior Court's finding that claimant's ongoing medical treatment due to alleged medical malpractice was insufficient to support a finding of "reasonable excuse").

[30] *See Quailey v. Gov't of the V.I.*, 404 F. Supp. 1246, 12 V.I. 463, 466-68 (holding that even considering claimant's serious injuries that rendered her bed-ridden, claimant failed to assert that the she was unable to communicate with anyone on account of her injuries); *Delgado*, 137 F. Supp. 2d at 615 (finding that claimant's injuries, a broken wrist and sprained ankle, that confined her to her apartment for one week were insufficient to establish "reasonable excuse" because she was still able to communicate with others even while resting in her apartment).

might argue that an overview of case law suggests a particularly high threshold, the case law largely merely displays examples of the circumstances that do not give rise to a reasonable excuse, providing the Court with minimal guidance in determining which circumstances do.

In fact, omitting the unique cases where a claimant was either a minor or had a legal disability,[31] a review of the relevant case law reveals few examples where the Court has found a claimant had established a reasonable excuse. Such a finding has been limited to instances in which a claimant was seriously incapacitated, hospitalized, or under investigation for a committing a crime.[32] For instance, in *Frett v. Government of the Virgin Islands*, the Court found a sufficiently reasonable excuse where the claimant, an inmate who was stabbed several times, was hospitalized for a significant period of time and was "seriously ill" for several weeks after his release from the hospital.[33] But, in instances involving serious incapacitations that require hospitalization, courts in this jurisdiction often prefer to toll the ninety-day period rather than resort to the analysis required for leave to file a late claim. In *Conner v. Government of the Virgin Islands*, the Court tolled the ninety-day period during the claimant's hospitalization although the claimant was still able to communicate with others.[34] While noting in *Frett* that the claimant's hospitalization tolled the ninety-day period, the Court based its primary holding on a finding of reasonable excuse because it did not know how long the claimant was hospitalized.[35] Since serious incapacitation and hospitalization often simply toll the ninety-day period,

---

[31] *See, e.g., In re Consol. Bus Cases*, 21 V.I. 96, 101 (D.V.I. 1984) (holding that 33 V.I.C. § 3409 "relieve[s] a claimant under legal disability of the requirement of filing a claim or notice of intention within ninety days, . . . and . . . allow[s] such a claimant to file his claim within two years after removal of the disability") (internal citations omitted).

[32] *See Frett v. Gov't of the V.I.*, 20 V.I. 506, 507 (D.V.I. 1984); *Yeamans v. Snook*, 15 V.I. 129 (D.V.I. 1979); *In re Steele*, 354 F. Supp. 927, 9 V.I. 332 (D.V.I. 1973).

[33] *Frett*, 20 V.I. at 507 (noting that the Court also considered that the claimant would have difficulties in securing counsel while incarcerated and the claimant only filed twenty-four days late).

[34] *Connor v. Gov't of the V.I.*, 20 V.I. 100, 104 (Terr. V.I. 1983). Similarly, in instances involving medical malpractice, this Court has tolled the ninety-day period until the claimant "knows or reasonably should have known of the injury and its cause." *Samuel v. Gov't of the V.I.*, 44 V.I. 201, 207 (Terr. V.I. 2002), *aff'd sub nom. Samuel v. Gov't of V.I.*, 48 V.I. 620 (D.V.I. 2006).

[35] *Frett*, 20 V.I. at 507.

the Court concludes that other, less egregious circumstances must exist that could constitute reasonable excuse.[36] Otherwise, the reasonable excuse standard would be meaningless.[37]

 Therefore, the Court is forced to return to the statute for guidance. Although it is clear that the procedural requirements must be strictly followed, a plain language reading of 33 V.I.C. § 3409(c) clearly allows the Court to take the totality of the circumstances into consideration when determining whether Plaintiff has articulated a reasonable excuse. As a result, while the numerous individual reasons for which courts have denied leave to file a late claim may not constitute "reasonable excuse" in and of themselves, under the circumstances of a particular case, they may, in the aggregate, be sufficient to support a finding that a claimant has articulated a reasonable excuse for failing to timely file.

Here, the automobile accident occurred on March 29, 2012, but Plaintiff did not file a notice of intention until February 20, 2013, a period of approximately eight (8) months after the expiration of the ninety-day period. Plaintiff argues that she was unfamiliar with the laws of the Virgin Islands and consequently was unaware she had to file a claim or notice of intention to file a claim within a ninety-day period. While ignorance of the law alone is clearly insufficient to support a finding of reasonable excuse, Plaintiff also relied on the investigating police officer's statement, clearly memorialized in the police report, that Plaintiff should "obtain a copy of . . . [the police] report and all final medical bills from this incident and to submit [the] same to the Attorney General's Office, G.E.R.S. building."[38] Unlike *Choate v. Skinner*, where the claimant was an attorney himself who should have been familiar with the Tort Claims Act, but chose to rely on an informal conversation with another attorney rather

---

[36] *See Delgado*, 137 F. Supp. 2d at 615 ("[A] serious injury that interferes with a claimant's ability to communicate with an attorney or otherwise take action . . . is a proper exercise of a court's discretion to toll the ninety-day limitation to the extent of the interference."). The *Delgado* Court also suggests that serious incapacitation that interferes with a claimant's ability to communicate or take action may also constitute a "reasonable excuse." *Id.*

[37] *See Birdman v. Office of the Governor*, 677 F.3d 167, 176, 56 V.I. 973 (3d Cir. 2012) ("[Courts] should endeavor to give meaning to every word which [the Legislature] used and therefore should avoid an interpretation which renders an element of the language superfluous.").

[38] V.I. Police Report, STT120FF004671.

than perform his own research,[39] here, Plaintiff had reason to rely on the apparent authority of the investigating police officer. Further, unlike the claimant in *Choate v. Skinner*, Plaintiff was only on St. Thomas for one day as a cruise ship passenger when her accident occurred and has no legal background.

In accordance with the investigating officer's instructions, two weeks after the injury, Plaintiff began attempting to obtain a copy of the police report. Despite diligently following up with the Virgin Island Police Department, Plaintiff was unable to obtain the police report for a period of approximately three (3) months, already near or past the expiration of the ninety-day period.[40] Thereafter, Plaintiff sent a registered letter to the Attorney General outlining her injuries on or about October 27, 2012, approximately seven (7) months after the accident and (4) months after the expiration of the ninety-day period.[41] The letter reveals that Plaintiff was initially diagnosed with a broken humerus bone and cracked radial bone. She was subsequently hospitalized on several occasions due to complications from her initial injuries.[42] Specifically, Plaintiff had surgery on June 1, 2012, to place a steel plate in her arm, after which she developed pulmonary thrombosis. The letter further reveals that Plaintiff was in enormous pain throughout her recovery, struggled with everyday tasks such as getting dressed, and continues to need ongoing medical care. At the time Plaintiff wrote the letter to the Attorney General, Plaintiff expressed hope that by "December 2012" her condition would be improved and that the action could be resolved without litigation.

---

[39] 19 V.I. at 405.

[40] V.I. Police Report, STT120FF004671 (timestamped June 25, 2012).

[41] Defendant disputes the letter's assertion that "the police report . . . clearly indicates [the Government's] . . . liability" under the circumstances of this case because Gumbs was found "not guilty" by the Superior Court of the Virgin Islands Traffic Court on July 18, 2012. Case No. ST-12-MV-3177. However, the Court finds that the Traffic Court's ruling has no effect on whether Plaintiff has articulated a "reasonable excuse" because the record of proceedings of the July 18, 2012, hearing demonstrates that Plaintiff was not called as a witness to the proceedings. Thus, it is unclear if Plaintiff had any knowledge of the hearing. Further, whether Gumbs was, in fact, negligent is not an issue before this Court at this time. Finally, the Court notes that, because of the higher standard of proof in a criminal action, a finding of not guilty does not preclude civil liability.

[42] It is unclear to the Court the total amount of time that Plaintiff was hospitalized because it appears Plaintiff was in and out of the hospital on several occasions. Plaintiff was hospitalized for at least eleven (11) days when she received heparin infusions for the pulmonary thrombosis she developed after her June 1, 2012, surgery.

However, after the Attorney General failed to respond in December 2012, Plaintiff retained counsel on February 5, 2013, and then she became aware of the procedural requirements of the Tort Claims Act. Plaintiff's counsel quickly filed a notice of intent to file a claim on February 20, 2013, fifteen (15) days after being retained, and subsequently filed Plaintiffs Complaint on March 22, 2013, both within the two year period following the accident.[43]

■■ As the court in *Virgin Islands Telephone Corp. v. Government of the Virgin Islands* points out, while ignorance of the law and an impression that the issue could be resolved without litigation may not be sufficient to establish a reasonable excuse, in the presence of other "surrounding facts or circumstances," they may be sufficient.[44] The Court finds that, in the totality of the circumstances of this case, Plaintiff has articulated a reasonable excuse because she demonstrated serious interference with her ability to timely comply with the provisions of 33 V.I.C. § 3409.[45] Specifically, Plaintiff, a layperson cruise passenger

---

[43] Defendant appears to argue that the fifteen (15) day delay after counsel was retained was an unreasonable delay. The Court disagrees. A time period of approximately two weeks is reasonable where counsel needs time to collect the facts and properly prepare a notice of intention to file a claim pursuant to 33 V.I.C. § 3410. The Court makes no finding on instances where counsel takes longer than fifteen (15) days to file a notice of intention after the expiration of the ninety-day period nor makes any comment on instances where counsel is retained prior to the expiration of the ninety-day period.

[44] 13 V.I. at 408.

[45] *See Young v. V.I. Water and Power Authority*, ST-13-TOR-16, Memorandum Opinion, at page 3 (V.I. Super. Ct. Feb. 19, 2014). This case is also distinct from *Delgado v. Gov't of the V.I.*, 137 F. Supp. 2d 611, 614 (D. V.I. 2001). The *Delgado* Court specifically addressed a situation where a claimant supported her motion to file a late claim solely on the basis of her injuries, whereas here, the claimant asserts numerous aggravating factors other than her injuries which seriously interfered with her ability to file promptly. Specifically, the *Delgado* Court held that "a serious injury that interferes with a claimant's ability to communicate with an attorney or otherwise take action on her claim constitutes a 'reasonable excuse' under section 3409(c), and therefore it is a proper exercise of a court's discretion to toll the ninety-day limitation to the extent of the interference." *Id.* The *Delgado* Court, while binding precedent on this Court, appears to somewhat confuse whether it is proper to toll the ninety-day accrual period and the "reasonable excuse" standard to file a late claim. However, the apparent confusion has no bearing on the instant case because the *Delgado* Court, affirming the Superior Court's determination that a claimant failed to assert a sufficiently reasonable excuse for failing to timely file solely on the basis that she could not leave the apartment for one week due to her injuries, simply defined the "sort of 'serious' injuries . . . [that] would . . . prevent [a claimant] . . . from pursuing [a] . . . claim at any time during the ninety days." *Id.* Therefore, the Court's holding here is consistent with the holding in *Delgado*.

visiting St. Thomas for the day, reasonably relied on the investigating officer's statement and the Officer's apparent knowledge of Virgin Islands law. Further, despite the ongoing medical care, including times of hospitalization, Plaintiff was diligent in her attempts to obtain the police report and subsequently contacted the Attorney General's office in accordance with the investigating officer's instructions to do so with "all *final* medical bills" (emphasis added).[46] Once no progress was made with the Attorney General's Office, Plaintiff quickly consulted an attorney who promptly filed a notice of intention to file a claim and filed the Complaint within the two year period.

### B. Actual Knowledge within Ninety-Day Period

■ Even where the Court finds that Plaintiff has articulated a sufficiently reasonable excuse for the delay in timely filing, Plaintiff also has the burden of demonstrating that "the Virgin Islands or its appropriate department or agency had . . . actual knowledge of the facts constituting [her] claim" within the ninety-day period after the accrual of the claim.[47] The purpose behind this strict standard is similar to the requirement for a notice of intention to file a claim:[48] to ensure that Defendant had knowledge of the essential facts of the case so that Defendant could conduct a prompt investigation of the incident or injury, preserve valuable discoverable information, and prepare for its possible defense.[49] Here, neither Plaintiff's letter to the Attorney General or her notice of intention to file a claim could constitute actual knowledge because they were both sent well past the expiration of the ninety-day period. The question before the Court then becomes whether the accident itself coupled with the Virgin Island Police Department's investigation into the accident could provide "actual knowledge."

---

[46] *See Young*, ST-13-TOR-16, Memorandum Opinion, at page 2 (V.I. Super. Ct. Feb. 19, 2014) (holding Plaintiff failed to articulate a sufficiently reasonable excuse because claimant failed to show that she *diligently* investigated the cause of, and the responsible party for, her injuries).

[47] 33 V.I.C. § 3409(c).

[48] Analysis regarding "actual knowledge" is distinct from the filing requirements of the claim or notice of intention pursuant to 33 V.I.C. § 3410. Once again, Defendant does not dispute that Plaintiff complied with the filing requirements of 33 V.I.C. § 3410.

[49] *See generally* 10 AM. JUR. PROOF OF FACTS 2D 221; *see also McBean v. Gov't of the V.I.*, 19 V.I. 383 (Terr. V.I. 1983).

81

■■ In a recent Memorandum Opinion in *Young v. Virgin Islands Water and Power Authority*, this Court held that a Virgin Islands police report by itself, absent additional evidence, does not give actual knowledge to the "appropriate government agency" pursuant to 33 V.I.C. § 3409(c).[50] Similarly, in instances of medical malpractice, courts have held that actual knowledge cannot be established where the hospital was simply in possession of the patient's medical records.[51] Nevertheless, courts have also held in medical malpractice cases that actual knowledge may be inferred when the patient's hospital records have specific

> notations or combination of notations . . . that might alert defendant to the need to investigate the circumstances surrounding plaintiff's treatment or otherwise alert defendant to its potential exposure to suit.[52]

In other words, "where malpractice is apparent from an independent review of the medical records," the hospital possessed actual knowledge of the facts constituting the claim.[53]

■■ It logically follows that actual knowledge may exist in a case involving a vehicular accident where, because the circumstances of the accident so clearly implicate negligence or potential liability on the part of the Government of the Virgin Islands, "the employee's notice [of the essential facts of the accident] to the Government . . . would fulfill the requirements of actual knowledge of the facts constituting the claim."[54] Considering that whether Defendant had actual knowledge of the accident is a factual determination,[55] the Court must look to the totality of the circumstances including, but not limited to, (1) whether the claimant's

---

[50] ST-13-TOR-16, Memorandum Opinion (V.I. Super. Ct. Feb. 19, 2014).

[51] *See, e.g., Saludes v. Ramos*, 21 V.I. 412, 416-17 (D.V.I. 1985).

[52] *Saludes*, 21 V.I. at 416.

[53] *Cifuentes v. New York City Health & Hospitals Corp.*, 43 A.D.3d 385, 840 N.Y.S.2d 433, 435 (2007).

[54] *Clarke*, 24 V.I. at 33. Defendant argues that the *Clarke* court's statement that "damage to the vehicle and the employee's notice to the Government of the accident, if reported, would fulfill the requirement of actual notice of the facts constituting the claim," is merely *dicta. Id.* However, the Court finds this *dicta* persuasive and adopts it here.

[55] *See generally* 7 A.L.R.4th 1063 ("Where, by statute or judicial decision, actual notice has been held to amount to an adequate substitute for a formal notice of claim against a governmental entity, a question of fact generally is presented whether the governmental entity did or did not have actual notice.").

injuries were immediately apparent at the time of the accident; (2) whether it was immediately apparent at the time of the accident that the claimant's injuries were most likely directly caused by the Government employee's alleged negligent conduct; (3) whether the employee reported the incident to his employer and the extent of the essential facts reported; and (4) whether any prompt and through investigation into the accident was conducted.

 Here, the police report indicates that claimant's injuries were immediately apparent at the time of the accident since it states that "pedestrian #1 [claimant] sustained injury to the left elbow and left forearm."[56] Even Ignace J. Gumbs Sr., the driver of the Government vehicle, observed that Plaintiff "fell on the pavement and landed on her elbow," suggesting he was aware that Plaintiff was injured.[57] Further, unlike *Young* where the party responsible for the claimant's injuries was not immediately apparent at the time the accident occurred, here, there is no question Gumbs was allegedly the sole cause of the accident. Specifically, the police report indicates that at the time the investigating officer arrived the vehicle had not been moved and was still "at the initial point of impact," six (6) feet and eleven (11) inches from the curb, with the front of the vehicle in the crosswalk.[58] As a result, the police cited Gumbs for negligent driving "for failure to yield the right of way to pedestrians at [the] crosswalk."[59] Thus, it was immediately apparent at the time of the accident that the police attributed claimant's injuries to Gumbs' alleged negligent conduct and notified Gumbs of their allegation by issuing a citation.[60]

---

[56] V.I. Police Report, STT120FF004671.

[57] V.I. Police Report, STT120FF004671.

[58] V.I. Police Report, STT120FF004671.

[59] V.I. Police Report, STT120FF004671.

[60] Defendant appears to argue that the subsequent July 18, 2012 hearing on case number ST-12-MV-3177 in the Superior Court of the Virgin Islands Traffic Court that found Gumbs "not guilty" after hearing the "sworn testimonies and reviewed the evidence provided," somehow mitigates the "actual knowledge" of the Government. The Court disagrees. If Gumbs' employer was aware of the hearing, the hearing may have even increased Defendant's actual knowledge of the essential facts of the case because Gumbs testified at the hearing and the record of proceedings is an easily accessible public record. Otherwise, the Traffic Court's ruling may simply be material to whether Defendant is ultimately liable for Gumbs' conduct at a later stage of this litigation.

Additionally, Plaintiff argues that Defendant has actual knowledge of the incident because Gumbs reported the incident to his supervisors. Defendant does not refute that Gumbs reported the incident to his employer, but instead argues, rather disingenuously, that Plaintiff is merely speculating because Plaintiff could have no way of knowing whether Gumbs reported the incident. The Court recognizes that, prior to discovery, Plaintiff may not be able determine whether Defendant's employee reported the incident, and the extent of information reported, since the relevant information is in the sole possession of Defendant. Considering an employee has a duty to report an accident that occurred within the scope of his employment to his employer, Plaintiff logically alleges that Gumbs reported the incident.[61] Because this allegation is material to the determination of this Court, the burden shifts to Defendant to respond to Plaintiff's factual allegation. Here, Defendant conveniently avoids addressing Plaintiff's allegation without refuting that Gumbs reported the incident to his employer, suggesting to the Court that Gumbs properly reported the incident to his employer. Thus, it appears that Gumbs reported the accident to his employer, the "appropriate department or agency" for the purposes of 33 V.I.C. § 3409(c).

Finally, while it is unclear how much detail Gumbs reported to his employer, the accident was also promptly and thoroughly investigated by the police immediately following the accident. The essential facts of the accident were memorialized in a police report,[62] which Defendant could easily obtain. It is the experience of the Court that traffic officers routinely advise those involved in accidents how to obtain a copy of the officer's report. Further, since Gumbs was cited for negligent driving and appeared in Traffic Court on July 18, 2012, Defendant also had access to additional information regarding the essential facts of the case, particularly because Gumbs testified and the record of proceedings is an easily accessible

---

[61] In *In re Hartlage*, 54 V.I. 446, 454 (V.I. 2010), the Supreme Court of the Virgin Islands affirmed the holding of the Superior Court that a claimant's motion to file a late claim cannot be granted where the claimant relies solely on "conclusory statement[s] based on either hearsay or conjecture." But this case is entirely distinct from *Hartlage* because Plaintiff makes specific allegations that are strongly supported by the police report. Further, while Plaintiff's one factual allegation that Gumbs reported the incident to his employer may be speculative, Plaintiff should not be prejudiced simply because Plaintiff is unable to obtain evidentiary support for this allegation prior to discovery.

[62] *See Quailey*, 12 V.I. at 467.

public record. Thus, considering all the foregoing considerations, the Court finds that Defendant had actual knowledge of the essential facts of the case within the ninety-day period.

## C. Prejudice to Defendant

 The Court recognizes that the Plaintiff did not file a notice of intention to file a claim for approximately eight (8) months following the expiration of the ninety-day period.[63] Plaintiff argues that Defendant has not been substantially prejudiced because Defendant had "actual knowledge" of the essential facts of this case and no evidence exists demonstrating that Defendant would be hindered in its defense due to any other factors such as the unavailability of witnesses. The Court agrees. Despite the lengthy delay, the Court finds that Defendant is not substantially prejudiced because it had actual knowledge of the claim and could have properly conducted its own investigation upon Gumbs's report of the accident to his employer. Even if Defendant failed to investigate the accident itself, the Virgin Islands Police Department thoroughly investigated the incident promptly and memorialized the essential facts of the case in a police report.

 Defendant has not articulated any persuasive argument that it has been substantially prejudiced. First, Defendant argues that it will be substantially prejudiced because "the Government will have to continue to expend time, money, and other resources in defending claims that under Virgin Islands law should be dismissed."[64] The general allegation that the Government will have to expend resources to defend against this action is insufficient to establish prejudice. Substantial prejudice occurs most often when the Government is impaired in the preparation of its defense due to the delay in filing.[65] Here, Defendant has presented no evidence that any

---

[63] *Id.*, 12 V.I. at 467 (noting that a mere six-month delay does not necessarily prejudice the Government in its defense).

[64] Defendant's Opposition to Plaintiff's Motion to File a Late Claim, Feb. 11, 2014, at page 15.

[65] *See, e.g.*, 1 Civ. Actions Against State & Loc. Gov't § 5:14 ("The extent to which a governmental entity has access to information concerning the incident on which a claim is based is largely determinative of the issue of prejudice. . . . Prejudice sufficient to deny a request to file late notice of claim may be shown if the ability of a governmental entity to investigate the circumstances surrounding the incident forming the basis of the claim is compromised.").

essential witnesses or otherwise valuable discoverable information has not been preserved due to the length of delay.

Second, Defendant repeatedly relies on the Superior Court of the Virgin Islands Traffic Court's finding that Gumbs was found "not guilty" of negligent driving to support the contention that Defendant is substantially prejudiced in having to defend this action because Defendant is not liable. This argument is entirely without merit because it requests the Court to determine the liability of Defendant, as an employer of Gumbs, an issue not properly before this Court at this time. Further, the Traffic Court's record of proceedings does not provide the Court with any specific information as to the factual or legal determinations upon which the Traffic Court based its ruling. Thus, while the record of proceedings may be material at a later point of this litigation, it has no bearing on whether Defendant is substantially prejudiced in its ability to defend against Plaintiff's action.

 Finally, Defendant argues that the Government is substantially prejudiced because "allowing these late claims would only serve to thwart the intention of the statute . . . to ensure that 'tort actions against the Government are filed promptly and prosecuted diligently.' "[66] While the Court agrees that an overall purpose of the Tort Claims Act is to ensure that "tort actions against the Government are filed promptly and prosecuted diligently," Defendant's argument completely ignores the fact that 33 V.I.C. § 3409(c) allows the filing of late claims where Plaintiff has articulated a "reasonable excuse," the "appropriate government agency" had "actual knowledge" of the claim within the ninety-day statutory period, and the Government is not substantially prejudiced in its defense of the action. The Court stresses that the holding in this case in no way abrogates the essential purpose of the Tort Claims Act nor abrogates a claimant's burden to strictly adhere to the mandatory procedural requirements of the Tort Claims Act.[67] Rather, based on a plain language reading of 33 V.I.C. § 3409(c), this holding reiterates the importance of the statute's intention to permit the Court, in its discretion, to evaluate the totality of the circumstances of each case to determine whether Plaintiff

---

[66] Defendant's Opposition to Plaintiff's Motion to File a Late Claim, Feb. 11, 2014, at page 15 (*citing Pickering*, 22 V.I. at 111).

[67] *Pickering*, 22 V.I. at 110.

has met the mandatory requirements in order to be granted leave to file a late claim within the two year statutory period.

## III. Failure to State a claim for Negligent Entrustment

 Defendant argues that Plaintiff has failed to state a claim of negligent entrustment pursuant to RESTATEMENT (SECOND) OF TORTS § 390. In *Banks v. Int'l Rental & Leasing Corp.*[68] the Supreme Court of the Virgin Islands held that, while the Restatements may be persuasive authority in determining the common law, they "no longer constitute binding legal authority in this jurisdiction" pursuant to 1 V.I.C. § 4.[69] As such, in the absence of local law to the contrary or precedent from the Supreme Court of the Virgin Islands on the particular matter,[70] the Superior Court must conduct a *"Banks* analysis" as required by the Supreme Court of the Virgin Island's holding in *Simon v. Joseph*[71] to determine the applicable common law.[72] A *Banks* analysis consists of a balancing of the following "three non-dispositive factors":

---

[68] 55 V.I. 967 (V.I. 2011).

[69] *See Gov't of the V.I. v. Connor*, 60 V.I. 599, 604-605 (V.I. 2014).

[70] The Supreme Court has also held that "decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court," but only constitute persuasive authority on the Supreme Court. *In re: People of the V.I.*, 51 V.I. 374, 389, n. 9 (V.I. 2009). *See Najawicz v. People of the V.I.*, 58 V.I. 315, 327-28 (V.I. 2013) (noting that decisions of the Third Circuit are binding precedent on the Superior Court only to the extent that the Third Circuit rendered the relevant decision "while serving as the *de facto* court of last resort in the Virgin Islands"). Thus, it logically follows that a *Banks* analysis should not be necessary in instances where the Appellate Division of the District Court of the Virgin Islands has adopted a particular rule. However, most recently, the Supreme Court also noted that the Superior Court does not necessarily have to follow pre-*Banks* cases that were "predicated solely on 1 V.I.C. § 4." *Connor*, 60 V.I. at 607 n.1 As such, the Court conducts a *Banks* analysis here despite the applicability of a pre-*Banks* case issued by the Appellate Division of the District Court of the Virgin Islands.

[71] *Simon v. Joseph*, 59 V.I. 611, 622 (V.I. 2013) (interpreting *Banks*).

[72] In a recent Order, the Supreme Court of the Virgin Islands held that the Superior Court will be summarily reversed if it does not perform a *Banks* analysis in the first instance. *See Connor*, 60 V.I. at 605. While the Court recognizes its role in identifying and applying the common law without mechanistically and uncritically following the Restatements, *id.* at 605, it is equally clear that the Supreme Court is the *highest* Court in this jurisdiction that "possesses the inherent power to shape the common law in the Virgin Islands," *Banks*, 55 V.I. at 976 — regardless of whether the Superior Court has performed a *Banks* analysis. *See Connor*, 60 V.I. at 602 (*citing Matthew v. Herman*, 56 V.I. 674, 681-84 (V.I. 2012)). Similar to the practice of other jurisdictions, the Superior Court applies the common law on a routine basis. However, unlike other jurisdictions, the Supreme Court has now tasked the Superior

(1) whether any Virgin Islands courts have previously adopted a particular rule;

(2) the position taken by a majority of courts from other jurisdictions; and

(3) most importantly, which approach represents the soundest rule for the Virgin Islands.[73]

No local statute addresses negligent entrustment, and it also appears that the Supreme Court of the Virgin Islands is yet to adopt a rule that reflects the common law regarding negligent entrustment in this jurisdiction.

 Here, it appears a *Banks* analysis may not be necessary because the Appellate Division of the District Court of the Virgin Islands, a binding authority on this Court absent Supreme Court of the Virgin Islands precedent to the contrary,[74] adopted the RESTATEMENT (SECOND) OF TORTS § 390 in *Baron v. Rosario* without predicating its adoption of the Restatement solely on 1 V.I.C. § 4.[75] However, even absent *Baron*, applying a *Banks* analysis, the Court finds that RESTATEMENT (SECOND) OF TORTS § 390 reflects the common law of this jurisdiction. RESTATEMENT (SECOND) OF TORTS § 390 provides that

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner

---

Court with determining the *sounder* common law rule, thereby causing a substantial portion of the everyday activities of the Court to become consumed with the *Banks'* multi-factor balancing test (which goes beyond determining the common law based on this jurisdiction's prior case law, but also requires analysis of "a majority of courts from other jurisdictions" and "the appropriate common law rule based on the unique characteristics and needs of the Virgin Islands" in *every* "question not foreclosed by prior precedent from [the Supreme Court,]" *Connor*, 60 V.I. at 605). It is this Court's view that the practical implications of *Connor* may prove unworkable absent a narrowing of its application.

[73] *Simon*, 2013 V.I. Supreme LEXIS 51.

[74] *See Banks*, 55 V.I. at 967; *In Re: People of the V.I.*, 51 V.I. at 389 n.9.

[75] *Baron By & Through Baron v. Rosario*, 982 F. Supp. 1037, 37 V.I. 82 (App. D. V.I. 1997) ("In order to prevail on a theory of negligent entrustment, there must be: (1) entrustment of a chattel to a party; (2) likelihood that such party because of youth, inexperience, or otherwise would use the chattel in a manner involving unreasonable risk of harm to himself and others whom the entruster should expect to be endangered; (3) knowledge or reason to know by the entruster of such a likelihood; (4) proximate cause of the harm to plaintiff by the conduct of the entrustee."); *See Connor*, 60 V.I. at 607 n.1.

involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Specifically, the *Baron* Court based its adoption of the RESTATEMENT (SECOND) OF TORTS § 390 on a 1984 decision of the Territorial Court of the Virgin Islands, *Hanley v. Jones*.[76] Since that time, the Superior Court of the Virgin Islands[77] and the District Court of the Virgin Islands[78] have relied on RESTATEMENT (SECOND) OF TORTS § 390, demonstrating that the longstanding application of the RESTATEMENT (SECOND) OF TORTS § 390 has become a reflection of the common law of the Virgin Islands. Second, a review of the case citations listed in the RESTATEMENT (SECOND) OF TORTS § 390 suggests that a majority of jurisdictions have adopted a similar rule to the RESTATEMENT (SECOND) OF TORTS § 390.[79] Finally, considering the longstanding application of the RESTATEMENT (SECOND) OF TORTS § 390 in this jurisdiction and the apparent widespread application of this rule in a majority of jurisdictions, the Court finds that the RESTATEMENT (SECOND) OF TORTS § 390 represents the soundest rule for the Virgin Islands and is in accord with local public policy.

██ Here, the Court finds that even when construing the pleadings liberally, Plaintiff has failed to allege sufficient facts to support a plausible claim of negligent entrustment. Specifically, Plaintiff alleges that "Defendant . . . through its agents and employees knew or was reckless in not knowing that Gumbs was reckless and/or an incompetent driver such that it was unsafe to allow him to operate the defendant's vehicle."[80] The assertion that Gumbs was "reckless" or "incompetent" is a legal assertion couched as a factual allegation. Further, while Plaintiff may attempt to prove that Gumbs was "reckless" or "incompetent" based in part on the factual allegations regarding the March 29, 2012 accident, this one instance is insufficient to establish that Plaintiff knew or should have

---

[76] 21 V.I. 190, 193 (Terr. Ct. 1984).

[77] *See, e.g.*, *Fleming v. Scribner*, 2010 V.I. LEXIS 67 (V.I. Super. Ct. 2010); *Cruz Car Rental, Inc. v. Tutein*, 25 V.I. 62 (Terr. V.I. 1990).

[78] *See, e.g.*, *Watts v. Blake-Coleman*, 2012 U.S. Dist. LEXIS 43454 (D.V.I. 2012); *Warrington v. Camacho*, CIV. 2006-235, 2007 U.S. Dist. LEXIS 78715 (D.V.I. 2007); *Estephane v. Hobson*, 18 V.I. 396 (D.V.I. 1981).

[79] *See* RESTATEMENT (SECOND) OF TORTS § 390 (case citations).

[80] First Amended Complaint, ¶ 20.

known that Defendant was a "reckless" or "incompetent" driver prior to the accident. Further, Plaintiff has failed to allege "that there was anything about Defendant[, such as poor vision or a history of automobile accidents,] . . . that would cause a reasonable person to believe that entrusting a vehicle to Defendant . . . would result in an unreasonable risk of an accident."[81] Accordingly, the Court will grant Defendant's Motion to Dismiss Plaintiff's claim for negligent entrustment and shall strike paragraphs 19 to 21 of the Complaint.

## IV. Trial by Jury

Defendant also argues, and Plaintiff concedes, that Plaintiff is not entitled to a trial by jury pursuant to the Tort Claims Act. Accordingly, Plaintiff's request for a trial by jury shall be stricken.

## CONCLUSION

For the foregoing reasons, Defendant's June 24, 2013 Motion to Dismiss and Defendant's November 18, 2013 Motion to Dismiss will be granted in part and denied in part. Plaintiff's December 10, 2013 Motion to File a Late Claim will be granted. An Order consistent with this Opinion shall follow.

---

[81] *Fleming*, 2010 V.I. LEXIS 67 at *8.