IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
November 03, 2022 02:59 PM
SX-2022-CV-00199
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| KENDALL MOTOO AKA KENDALL MATOO, <br><br> PLAINTIFF, <br><br> V. <br><br> LHUIS RIVERA-MELENDEZ AKA LUIS RIVERA-MELENDEZ AND VI ENTERPREISES INC. D/B/A AVIS RENT A CAR, <br><br> DEFENDANTS. | Civil No. SX-2022-CV-199 <br><br> **ACTION FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** <br><br> **CITE AS: 2022 VI SUPER 91** |

**Appearances:**
**Beverly A. Edney, Esq.**
Law Office of Beverly A. Edney
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Ryan C. Stutzman, Esq.**
CSA Associates, P.C.
St. Croix, U.S. Virgin Islands
*For Defendant VI Enterprises Inc.*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant VI Enterprises Inc. d/b/a Avis Rent A Car's (hereinafter "VIE") motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted, filed on July 27, 2022, in which Defendant VIE specially appeared to "contest service and jurisdiction, and also the sufficiency of the complaint." (Motion 1.) As of the date of this Order, Plaintiff Kendall Motoo aka Kendall Matoo (hereinafter "Plaintiff") has not filed an opposition in response and the deadline for Plaintiff to file a timely opposition has since passed.

## BACKGROUND

¶ 2     On June 2, 2022, Plaintiff filed a complaint against Defendant Lhuis Rivera-Melendez aka Luis Rivera-Melendez (hereinafter "Rivera-Melendez") and Defendant VIE in connection with a motor vehicle accident that occurred on or about June 6, 2020 on St. Croix, U.S. Virgin Islands. Plaintiff did not set forth any counts designating the names of the specific causes of action as required under Rule 8 of the Virgin Islands Rules of Civil Procedure. Nevertheless, based on the allegations, the Court deduced that Plaintiff alleged two counts of negligence against Defendant Rivera-Melendez.[1]

¶ 3     On June 23, 2022, a proof of service for Defendant VIE was filed, showing that Plaintiff served Honica Jeffers on June 22, 2022 in his attempt to serve Defendant VIE.

---

[1] The complaint included:

> Count I
> 10. The plaintiff re-alleges paragraph nos. 1-9 therein above and if fully reprinted thereat.
> 11. The defendant, LUIS RIVERA-MELENDEZ. operated his vehicle in a negligent and careless manner which negligence and carelessness were the sole direct and proximate cause of the injuries suffered by the plaintiff.
> 12. As a result of the defendant's negligence, the plaintiff has suffered and will continue to suffer great bodily pain, mental and emotional distress, loss of income potential, loss of enjoyment of life, past, present and future medical expenses.
>
> Count II
> 13. The plaintiff re-alleges paragraph nos. 1-12 herein above as if fully reprinted thereat.
> 14. The defendant, LUIS RIVERAL MELENDEZ, operated his vehicle In a reckless and outrageous manner which recklessness and outrageousness were the sole direct and proximate cause of the injuries suffered by the plaintiff.
> 15. As a result of the defendant's negligent and reckless conduct, the plaintiff has suffered and continue to suffer great bodily pain, mental and emotional distress, loss of income and income potential, loss of enjoyment of life past, present and future medical expenses.
>
> (Compl.)

Plaintiff may have intended for his complaint to include different causes of action. But, alas, Plaintiff failed to set forth any counts designating the names of the specific causes of action, and Plaintiff cannot and should not expect the Court to parse through Plaintiff's allegations, decipher which causes of action are alleged, and determine which facts satisfy the elements of each. The Court cannot do Plaintiff's job for him. *Cf. Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so.").

¶ 4    On July 27, 2022, Defendant VIE filed this instant motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief pursuant to Rule 12(b)(2), (5), and (6) of the Virgin Islands Rules of Civil Procedure. A copy of the affidavit of Defendant VIE's general manager Luis Mainardi, dated July 26, 2022, was attached as Exhibit A to the motion.

¶ 5    On November 2, 2022, the Court entered an order whereby the Court dismissed without prejudice Plaintiff's claims against Defendant Rivera-Melendez pursuant to Rule 4(n) of the Virgin Islands Rules of Civil Procedure.

## DISCUSSION

### 1. Lack of Personal Jurisdiction and Insufficient Service of Process

¶ 6    In its motion, Defendant VIE argued that the Court lacks personal jurisdiction over Defendant VIE due to insufficient service of process.[2] Defendant VIE made the following assertions in support of its argument: (i) Plaintiff did not serve Defendant VIE in compliance with Rule 4(h)(1)(A)(ii-iii) of the Virgin Islands Rules of Civil Procedure[3]—to wit, Plaintiff served

---

[2] Defendant VIE referenced: *Pickering v. Arcos Dorados Puerto Rico, Inc.*, 2016 WL 1271024, *4 (D.V.I. Mar. 30, 2016); *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700-725-734 (V.I. 2018).

[3] Rule 4(h) provides in relevant part

> (h) Serving a Corporation, Partnership, or Association.
>
> Unless law of the Virgin Islands provides otherwise or the defendant waives service,
>
>> (1) a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served:
>>
>>> (A) in the Virgin Islands:
>>>
>>>> (i) in the manner prescribed by Rule 4(e) for serving an individual; or
>>>>
>>>> (ii) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent; or
>>>>
>>>> (iii) by delivering a copy of the summons and of the complaint to any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of the summons and complaint to the defendant; ...

V.I. CIV. P. R. 4(h).

Honica Jeffers, "who is an employee of International Rental and Leasing Corp., not of [Defendant VIE]." (Motion 2); (ii) Honica Jeffers forwarded the summons and complaint to Luis Mainardi, the general manager of Defendant VIE. (Id.); (iii) Honica Jeffers "is not an officer, manager, or general agent of [Defendant VIE] and is not authorized to accept service on behalf of [Defendant VIE]." (Id., at 3); and (iv) "[S]ervice on V.I.E. was not proper and the Court does not have jurisdiction over V.I.E." (Id.) In an affidavit that was attached to the motion, Luis Mainardi stated that "as of February 2022, [Honica Jeffers] was no longer an employee of [Defendant VIE]" and that [Honica Jeffers] forwarded me a summons and complaint in the above-captioned matter on or around June 22, 2022," and Luis Mainardi included "a true and correct copy" of what he received from Honica Jeffers as Exhibit 1 to his affidavit. (Mainardi Aff. ¶¶ 6-7.) Exhibit 1 was a copy of the email from Honica Jeffers to Luis Mainardi, dated June 22, 2022 at 5:32 p.m., with a copy of the summons and complaint.

### a. Standard of Review

¶ 7    Rule 12(b)(2) and (5) of the Virgin Islands Rules of Civil Procedure allows a party to assert by motion the defenses of "lack of personal jurisdiction" and "insufficient service of process" and move for dismissal. V.I. R. Civ. P. 12(b)(2), (5). "Due Process requires that a defendant be given legal notice and an opportunity to be heard." *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 718-19 (V.I. 2018). The "'service of process — unless waived by a general appearance — is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant.'" *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 215 (Super. Ct. March 6, 2019) (quoting *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013) (quoting *Joseph v. Daily News Pub. Co., Inc.*, 57 V.I. 566, 580 n.4 (2012))); *see* V.I. R. Civ. P. 4(l)(1) ("Serving a summons and complaint -- or filing a waiver of service -- satisfies the obligation of service of process sufficient

to establish personal jurisdiction over a defendant: (1) who is subject to personal jurisdiction in the Superior Court in the Virgin Islands; or (2) when authorized by statute."). "While it is true that the plaintiff bears the ultimate responsibility to prove by a preponderance of evidence that the trial court may exercise personal jurisdiction, including valid service of process, a party challenging whether a plaintiff has complied with the applicable requirements for service must submit an affidavit or other competent evidence showing that service in compliance with the applicable rule was never achieved, unless the facts in the record demonstrate a failure to make a prima facie showing that service was accomplished." *See Estate of Skepple*, 69 V.I. at 731 (internal quotation marks omitted). "In general, actual notice of a law suit is not a substitute for proper service and absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant." *Ross*, 58 V.I. at 310 (citation omitted).

### b. Analysis

¶ 8    In this instance, there is no dispute that Defendant VIE is a corporation and Plaintiff served Honica Jeffers in his attempt to serve Defendant VIE. According to Defendant VIE's motion, Honica Jeffers was not "an officer, a managing or general agent" or "[an] agent authorized by appointment or by law to receive service of process" at the time of service. This is corroborated by the affidavit of Defendant VIE's general manager Luis Mainardi. Thus, given that Honica Jeffers was not authorized to receive service of process for Defendant VIE under Rule 4(h) of the Virgin Islands Rules of Civil Procedure,[4] Plaintiff failed to successfully effect service of process upon Defendant VIE via Honica Jeffers.

---

[4] *See supra*, footnote 3.

However, it is not in dispute that Defendant VIE received subsequent notice of this lawsuit when Luis Mainardi, the general manager of Defendant VIE, received a copy of the summons and complaint on June 22, 2022 at 5:32 p.m. via an email from Honica Jeffers. While "[i]n general, actual notice of a law suit is not a substitute for proper service," sometimes actual notice may also constitute legal notice. In *Estate of Skepple*, the Virgin Islands Supreme Court instructed that "except in instances of constructive service, the inquiry of whether a defendant's actual notice also constitutes legal notice is a flexible analysis requiring that the notice procedure employed be appropriate for the situation and interest(s) involved." 69 V.I. at 728. The Virgin Islands Supreme Court further instructed:

> In order for legal notice to comply with the requirements of due process and support the exercise of personal jurisdiction over a defendant at the outset of a lawsuit — considering the totality of the circumstances — the notice must be reasonably calculated to apprise the interested party of the pendency of the case and afford the party a genuine opportunity to present the party's objections, such that the notice must reasonably convey all required information and likewise afford a reasonable time for the party to make an appearance and present such objections. Additionally, the service must be directed to those people and at those locations known to, and reasonably discoverable by, the plaintiff, such that the efforts at service demonstrate that the plaintiff was "desirous of actually informing the absentee" defendant.

*Estate of Skepple*, 69 V.I. at 728-29.

In considering the totality of the circumstances, the Court finds that the notice was reasonably calculated to apprise Defendant VIE of the pendency of the case, and did in fact apprise Defendant VIE of the pendency of the case, and Defendant VIE was afforded a genuine opportunity to present its objections—to wit, Defendant VIE was provided with the summons and the complaint in this matter. *See Estate of Skepple*, 69 V.I. at 728-29; *see also*, Title 5 V.I.C. § 114(a)(4) ("Proof of the service of the summons and complaint or of the deposit thereof in the post office, shall be as follows:... The written admission of the defendant."). As such, the Court finds that Defendant

VIE's actual notice also constitutes legal notice, and thus, the Court has personal jurisdiction over Defendant VIE. Accordingly, the Court will deny Defendant's motion to dismiss for lack of personal jurisdiction and insufficient service of process.

## 2. Failure to State a Claim Upon Which Relief can be Granted

¶ 9    In its motion, Defendant VIE argued that Plaintiff's claim(s) against it should be dismissed because the complaint failed to "even meet the liberal notice-pleading standard."[5] (Motion 7.) Defendant VIE made the following assertions in support of its argument: (i) "In the instant Complaint, the only allegation against V.I.E. is that it owned the vehicle that codefendant Rivera-Melendez was driving at the time of the accident." (Id., at 6) (emphasis omitted); (ii) "V.I.E. and the Court are left to speculate about what the claim against V.I.E. is, and the grounds for it." (Id.); (iii) "In the absence of any allegations against V.I.E. other than mere ownership, V.I.E. can only speculate that the Complaint attempts (albeit unsuccessfully) to state a claim of negligent entrustment" and "[a]mong other things, negligent entrustment claims require a good faith, specific assertion of why the entruster should have known that it was likely that the driver would be involved in an accident."[6] (Id.); and (iv) "Here, plaintiff apparently alleges V.I.E.'s per se liability based merely upon V.I.E.'s alleged ownership interest in the vehicle" and "[t]hat fails to state a claim." (Id., at 7.)

### a. Standard of Review

¶ 10    Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 12(b)(6)") allows a party to assert by motion the defense of "failure to state a claim upon which relief can be

---

[5] Defendant VIE referenced: *Oxley v. Sugar Bay Club & Resort Corp.*, 2018 WL 4002726, at *5 (V.I. Super. Ct. May 14, 2018); *Morton v. Mapp*, 2018 WL 9800975, at *2 (V.I. Super. Ct. 2018).

[6] Defendant VIE referenced: *Christopher v. Whittington*, 2022 WL 766986 *3 (V.I. Super. Ct. March 8, 2022); *Faulknor v. Virgin Islands*, 60 V.I. 65, 88–89 (V.I. Super. Ct. Feb. 19, 2014)

granted" and move for dismissal. The Rule 12(b)(6) motion tests the sufficiency of the complaint. Rule 8 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8") requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. CIV. P. 8(a)(2). As a notice pleading jurisdiction, "[a] complaint is sufficient 'so long as it adequately alleges facts that put an accused party on notice of claims brought against it.'" *Oxley v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 81, at *3 (V.I. Super. Ct. May 14, 2018) (quoting *Mills-Williams*, 67 V.I. 574, 585 (V.I. 2017)); *accord Arno*, 71 V.I. at 501 ("'Plead the who, what, where, when, and how — sufficient information to put a defendant on notice of the conduct and actions the plaintiff complains of.'" (brackets and citation omitted)). "[A] complaint need not plead facts to support each element of a claim in order to adequately allege facts that put an accused party on notice or to show[] the pleader is entitled to relief under V.I. R. CIV. P. 8(a)(2)[] [b]ut, a complaint should provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements, so as to enable the defendant to respond intelligently and to enable the Court to determine on a motion to dismiss under V.I. R. Civ. P. 12(b)(6) whether the claim is adequately pled." *Oxley*, 2018 V.I. LEXIS at *10;[7] *see Mills-Williams*, 67 V.I. at 585 (citing V.I. R. CIV. P. 8 Reporter's Note) ("Virgin Islands Rule of Civil

---

[7] The *Oxley* court noted that "considering the policy of the Supreme Court of the Virgin Islands requiring the Superior Court to conduct a *Banks* analysis to determine the applicable common law when confronted with an issue of common law that has not yet been adopted by the Supreme Court of the Virgin Islands, in order to enable the Superior Court to recognize a potential *Banks* issue and order the parties to brief it, this Court underscores that a complaint should recite the elements of a common law claim so as to make clear the legal theory presented, given that elements among common law claims of the same name may vary." 2018 V.I. LEXIS, at *10-11. This Court agrees.

Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.") (emphasis in original); *see also, Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at *3, (V.I. Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(a)(2) eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it")). "When ruling on a motion to dismiss for failure to state a claim, the court does not address the merits." *Oliver v. Terminix Int'l Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. April 26, 2020); accord *Arno*, 71 V.I. at 494. Instead, courts 'assume all reasonable factual allegations in the complaint as true and draw all fair inferences from such allegations.'" *Arno*, 71 V.I. at 494 (quoting *In re Kelvin Manbodh Asbestos Litig. Seiers*, 47 V.I. 375, 380 (V.I. Super. Ct. March 3, 2006)). However, "[a]llegations will not be reasonable, nor will inferences in favor of the plaintiff be fair, where they contradict facts either contained in the public record or judicially noticed by the Court." *In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. at 380.

### b. Analysis

¶ 11   Upon review of the complaint, the only allegation against Defendant VIE is that it owned the vehicle that codefendant Defendant Rivera-Melendez was operating at the time of the accident. (Compl. ¶¶ 2, 8.) There are no other allegations pertaining to Defendant VIE. In fact, both counts in complaint are causes of action against Defendant Rivera-Melendez.[8] Thus, the Court is left to

---

[8] *See supra*, footnote 1.

speculate the nature of the claim(s) Plaintiff alleged against Defendant VIE. In "assum[ing] all reasonable factual allegations in the complaint as true and drawing all fair inferences from such allegations," the Court speculates that, as Defendant VIE speculated in its motion, that Plaintiff attempted to allege a negligent entrustment claim against Defendant VIE. As such, the Court finds that the complaint has not sufficiently put Defendant VIE on notice of the claim that is brought against Defendant VIE to defend. However, after due consideration, the Court believes that the appropriate resolution at this juncture is to grant Plaintiff leave to amend his complaint to provide Defendant VIE with more clarity to put Defendant VIE on notice of the claim(s) brought against it and deny Defendant VIE's motion to dismiss for failure to state a claim upon which relief can be granted. *See In re Change of Name of Reynolds*, 60 V.I. 330, 336 (V.I. 2013) (noting that "a party must be 'afforded notice and an opportunity to amend ... or otherwise respond before a trial court may *sua sponte* dismiss a complaint that fails to state a cause of action").

## CONCLUSION

¶ 12    Based on the foregoing, the Court will deny Defendant VIE's motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted, and grant Plaintiff leave to amend his complaint. Given that Plaintiff's claims against Defendant Rivera-Melendez have been dismissed, the first amended complaint should remove Plaintiff's claims against Defendant Rivera-Melendez. Accordingly, it is hereby:

**ORDERED** that Defendant VIE's motion to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief, filed on July 27, 2022, is **DENIED**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order,** Plaintiff shall file (i) a redline copy of the proposed first amended complaint

reflecting the changes made to the initial complaint and (ii) a clean copy of the proposed first amended complaint **IN COMPLIANCE** with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8. It is further:

**ORDERED** that the proposed first amended complaint shall **REMOVE** Plaintiff's claims against Defendant Rivera-Melendez. **And** it is further:

**ORDERED** that Plaintiff is notified that failure to file the proposed first amended complaint within the aforementioned period may result in the dismissal of this case without prejudice.

**DONE and so ORDERED this** 3rd **day of November, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: 11/3/2022

HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**

**FILED**
November 03, 2022 03:00 PM
SX-2022-CV-00199
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

| | |
|---|---|
| **KENDALL L MATOO,** | Case Number: **SX-2022-CV-00199** |
| **Plaintiff** | Action: **Personal Injury** |
| **v.** | |
| **LUIS RIVERA MELENDEZ,** | |
| **Defendant.** | |

# NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To:** Beverly A. Edney, Esq.        Ryan Christopher Stutzman, Esq.

**Please take notice that on November 03, 2022**
**a(n)**      **Memorandum Opinion and Order**
dated     **November 03, 2022**     was/were entered
**by the Clerk in the above-titled matter.**

**Dated:**    **November 03, 2022**

                           **Tamara Charles**
                           **Clerk of the Court**

By:

                           **Janeen Maranda**
                           **Court Clerk II**